## William Paton *et al.*

### *v.*

### Hart L. Stewart.

1. FAILURE OF CONSIDERATION—*agreement to dismiss legal proceedings.* If a promissory note is given, with a guaranty of payment, in consideration that the payee shall dismiss a proceeding in bankruptcy against the maker, and such proceeding is not dismissed, there will be a failure of the consideration, which may be set up by the guarantor in a suit upon the guaranty by the payee.

2. EVIDENCE—*jury to judge of the weight.* The weight to be given to the testimony of a witness is for the jury to determine, and this court will not reverse or supervise their finding on such a question.

3. CONTRACT—*if founded on an illegal consideration, will not be enforced.* Courts will not lend their aid to enforce an executory contract founded upon an illegal consideration.

4. SAME—*composition with a bankrupt.* If a creditor commences proceedings in bankruptcy against his debtor, for the purpose of getting a composition to secure his claim, and agrees to dismiss the proceeding on being secured, this is an abuse of the process of the law, and the contract thus obtained will be illegal and void, as being inhibited by a sound public policy.

482       Paton *et al. v.* Stewart.       [Sept. T.

Opinion of the Court.

Writ of Error to the Superior Court of Cook county; the Hon. John Burns, Judge, presiding.

This was an action of assumpsit, brought by William Paton, Thomas C. M. Paton, Jonathan Longmire, Andrew G. Agnew and William L. Paton, partners, under the name and style of Paton & Co., against Hart L. Stewart, upon his guaranty of a promissory note given by Geo. E. Gardner & Co., to Paton & Co., dated January 17, 1874, for $300, payable five months after date. The opinion of the court presents the material facts of the case.

Messrs. McClellan & Hodges, for the plaintiffs in error.

Mr. Grant Goodrich, and Mr. Jno. C. Patterson, for the defendant in error.

Mr. Chief Justice Scott delivered the opinion of the Court:

This action is upon a written guaranty of defendant upon a promissory note made by George E. Gardner & Co. to plaintiffs. All the principal facts are alleged in the special pleas, upon which the defense is predicated.

In substance, the fourth plea is, that Gardner & Co., being indebted to plaintiffs and others in large sums of money, on petition of plaintiffs a rule was issued out of the United States District Court that they show cause why they should not be adjudicated bankrupts, and while the rule was in force, and before any answer had been made thereunto, it was wrongfully and against the bankrupt law, and without the concurrence or consent of the other creditors, agreed between plaintiffs and Gardner & Co. that plaintiffs would not further prosecute the rule in bankruptcy—would abandon the same and all further proceedings thereunder, and, in consideration of plaintiffs' agreement in that behalf, Gardner & Co. executed the note which is the basis of this action, and procured defendant to guaranty its payment.

The fifth plea states substantially the same facts, with the further averment that plaintiffs did not, at any time, dismiss the proceedings in bankruptcy, or cause them to be ended, and avers that, therefore, the consideration of the note has wholly failed.

The sixth plea avers the note was given with the agreement plaintiffs should dismiss the proceedings in bankruptcy against Gardner & Co.; that plaintiffs never dismissed such proceedings, and hence the consideration has wholly failed; and in the seventh plea it is averred that, since the bringing of this suit, plaintiffs themselves have been adjudicated bankrupts, and an assignee appointed.

Issues were joined upon all these several pleas, as well as others, and the cause tried before a jury, who, upon the evidence, found for defendant. It is sought to reverse the judgment for the sole reason the verdict is contrary to the law and the evidence. No other error is relied upon.

The decision might, with propriety, be placed on the ground the verdict should be regarded as conclusive of the controverted facts. The distinct issue was made on the sixth plea, that the note was given with the agreement plaintiffs would dismiss the proceedings in bankruptcy; that they never did dismiss the proceedings, and hence the consideration wholly failed. On this issue, it seems to us the evidence preponderated in favor of defendant. In addition to the oral testimony, it was stipulated, in writing, that the proceedings in bankruptcy should be dismissed, and the written evidence is certainly of a conclusive character. It may be, the testimony of plaintiffs' attorneys was, in some degree, discredited in the minds of the jury, on account of the fact they were both witnesses and counsel in the case; but the weight to be given to the testimony was a question with them, and we do not feel at liberty to reverse or supervise their finding on such a question.

But there is another view that might be taken, that is fatal to any recovery by plaintiffs. The whole transaction is in-

hibited by the policy of the law, and no court will lend its aid to enforce an executory contract founded upon an illegal consideration. The inference is warranted, we think, that the bankrupt proceedings were instituted to compel Gardner & Co. to secure plaintiffs' claim on them as a mere means of enforcing collection.

It is insisted, our Bankrupt law is unlike the English statute in this, that it contains no prohibition against composition with the debtor during the pendency of the rule to show cause why he should not be adjudicated a bankrupt. That, it is apprehended, can make no difference. Independently of the question whether the statute, by any positive provisions, makes a composition with the debtor, pending the rule to show cause in bankruptcy, illegal, it is void on the ground of its being an abuse of the process of the law, which the creditor has the right to sue out, not only for his own benefit, but for other creditors. The reasoning of the English cases on this question is, that compositions of this character are illegal and void, by the general policy of the law, against other creditors. *Davis* v. *Holding,* 1 Meeson & Wells. 159; *Ex parte Thompson,* 1 Ves. Jr. 157.

Proceedings in bankruptcy are often harsh, and sometimes disastrous to the debtor. A creditor who seeks to use the remedy given by the law, for his own benefit as well as other creditors, should be required to proceed with the utmost fairness, and with a due regard to the rights of all parties concerned, including the debtor himself. He ought not to be permitted to use this extraordinary power to compel the debtor to secure his claim or suffer the disastrous consequences of being thrown into bankruptcy, and contract, when his own claim has been secured, to dismiss the proceedings, to the detriment of other creditors. This is what is called an abuse of the process of the law, and all contracts thus obtained are illegal and void, as being inhibited by a sound public policy, even between the debtor and the composition creditor, as well as to other creditors.

The judgment is in accordance with both the law and the evidence, and must be affirmed.

*Judgment affirmed.*