THE UNION PACIFIC RAILROAD COMPANY

*v.*

WILLIAM MILLER *et al.*

SERVICE OF PROCESS—*on agent of corporation.* In a suit against a corporation created by act of Congress, not residing or doing business in this State, and having no office or place of business in this State, service of process upon an agent appointed by the land commissioner of the corporation and its trustees, whose business it is merely to receive and transmit offers for lands and to assist in making sales, will not give the court jurisdiction, such person not being an agent of the corporation, in the sense of the statute.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, and Mr. B. C. COOK, for the appellants.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *indebitatus assumpsit*, in the Whiteside circuit court, on the common counts, brought by William Miller and William L. Patterson, as co-partners, plaintiffs, and against

the Union Pacific Railroad Company, defendants.   The summons was returned by the sheriff that he had duly served the writ upon the Union Pacific Railroad Company, by delivering a true copy thereof to Olon P. Baker, agent for the within named company, and at the same time made known to him its contents, by reading the same to him; and further, returns that the president of the company was not within his county.

A declaration containing six counts was filed.   The defendants pleaded, in substance, "that the defendant was a corporation created by act of Congress to construct a railroad from the Missouri river to the eastern boundary of California; that it had its principal office in the State of Nebraska, and not in the State of Illinois; that it did not operate its road in the county of Whiteside or State of Illinois; that said alleged causes of action did not accrue in the county of Whiteside or in the State of Illinois; that said company did not reside in, and was not found in, the county of Whiteside or State of Illinois, and was not doing business in said county or State, and was not served with process in said county or State; that said company has no principal or other office in the county of Whiteside or in the State of Illinois; and that Olon P. Baker, upon whom summons was served, was not the agent of defendant, as set forth in the sheriff's return.

To this plea the plaintiffs replied, taking issue upon the averment that Baker was not the agent of defendants, and alleging he was such agent at the time of the service of the summons.

The facts in regard to the agency as alleged, were agreed upon in writing, and filed, and the issue was submitted to the court for trial, upon those stipulated facts.   This was at the December term, 1875.

After argument upon these facts, so stipulated, the cause was taken under advisement until the March term, 1876, when the issue was found for the plaintiffs, and the cause continued to the June term following; and when the cause was reached on calling the docket, on motion of the plaintiffs'

attorney the court rendered a judgment upon the finding of the March term, as follows:

"This day come the said plaintiffs, by Wallace & Eustace, their attorneys, and, on motion, it is ordered that said plaintiffs have judgment against said defendant, on the finding of the court herein at the last term hereof. Wherefore, the said plaintiffs ought to have and recover of the said defendants their damages sustained herein, by reason of the premises. Whereupon, reference was had to the court to assess the plaintiffs' damages herein, and the court, after hearing the allegations and proofs submitted herein by the said plaintiffs, and being fully advised in the premises, assesses said plaintiffs' damages herein against said defendants to the sum of $100,000. Therefore, it is considered by the court that said plaintiffs do have and recover of and from the said defendants their said damages of $100,000, in form as aforesaid by the court assessed, together with all their costs and damages in and about this suit expended, and that they have execution therefor."

At the same term, a motion was made by defendants to vacate this assessment of damages and the judgment thereon, and for leave to plead to the action, assigning various reasons in support thereof, as follows:

"1st. Because the same was unauthorized and irregular. 2d. Because no judgment had been entered or rendered that the plaintiffs ought to recover damages, previous to such assessment. 3d. Because the damages should have been assessed by a jury. 4th. Because the defendant had no notice of said assessment, or that it would be made, and was surprised and greatly prejudiced thereby. 5th. Because the damages could not be assessed at the present term without notice to the defendants under the agreement between the respective parties, nor could they be assessed by the court without the consent of both parties."

And the same was accompanied by two affidavits of Mr. Poppleton, the general attorney of the defendant company, going to show a want of any notice that judgment in chief

would be rendered, it having been arranged and agreed between the affiant, (who was the principal counsel in the case, and who argued the plea,) and the plaintiffs' counsel, that, in the event the plea was overruled, no further action should be taken in the cause until affiant had been notified by the opposite counsel, and that he had not been notified, and was taken by surprise when he heard, by telegram, a judgment had been entered, insisting that the judgment is unjust and that defendants have a good defense to the action. The other affidavit relates to testimony which could be had to impeach the claim of plaintiffs.

There were counter affidavits of opposing counsel, and affidavits of various persons not necessary to be noticed. The court, on hearing the motion, declined to open the assessment of damages and denied the motion, to which defendants excepted, and bring the record here by appeal.

Several questions were raised by appellants, but in the view we have taken of the case, a decision on one of the questions will dispose of the case, and we shall notice only that.

Did the circuit court of Whiteside county obtain jurisdiction of the defendant corporation by the service of a summons on Olon P. Baker? Was he an agent, in the view of the statute, capable of receiving service of process, so as to bring his principal into court? From the facts agreed, we think not. Baker had no such connection with the Union Pacific Railroad Company as to constitute him an agent. He had no direct communication with the company in the exercise of its franchise as a railroad corporation, and no executive duties to perform, and did not receive his position from the corporation. By the letter of his appointment, found in the record, he was to act on behalf of the land department of the railroad company, in the promotion of the sale of the lands granted by the Congress to the company. These lands were transferred by the company to trustees for certain expressed purposes, and these trustees hold the legal title to the lands. To dispose of them, a land office has been organized, over which is a land

commissioner, who acts as the agent of the trustees and of the corporation, to dispose of the lands as the trustees named in the land grant mortgage, and the company, may direct. This land commissioner appoints agents in such States as he may deem most advisable. The duties of these agents, of which Olon P. Baker was one and residing in this State, are, to receive and transmit to the land office at Omaha such offers for land as he may receive, and to send persons to Omaha to buy land, to give information about the land, and to distribute circulars. They are the agents of the land commissioner, from whom they receive their appointment, and he is but an agent of the company and the trustees. Surely, it was never designed by the legislature that service of process upon an agent of an agent of a corporation should be sufficient to bring the corporation into court.

We are entirely satisfied service upon Baker was not service upon an agent of the defendant corporation, in view of the statute, and the issue on the plea should have been found for the defendants. It is unnecessary to discuss any other question.

The judgment is reversed and the cause remanded.

*Judgment reversed.*