## Frank Sherrell and Charles Leeper, Appellees, v. George Huber, Appellant.

1. PROCESS, § 35*—*when service of summons insufficient.* Under section 2, ch. 110 of Hurd's R. S., J & A. ¶ 8539, service of a summons by leaving a copy with defendant's wife instead of with the defendant in person does not give the court jurisdiction. Statute does not permit of service of summons by leaving copy with member of family as in chancery cases.

2. JUDGMENT, § 155*—*when application to set aside default judgment does not give jurisdiction.* The making of an application to set aside a default judgment entered without jurisdiction of defendant does not give the court jurisdiction to enter the judgment.

3. JUDGMENT, § 155*—*when application to set aside default should not be denied.* Upon application to set aside a default judgment upon the ground of defendant's ability to reach the court in time to defend on account of high waters and lack of attention of his counsel, *held* that the court erred 'in · denying the motion under the condition of the record and owing to the fact that it was without jurisdiction to enter the default and judgment.

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

*See Illinois Notes Digest, Vols, XI to XV and Cumulative Quarterly, same topic and section number,

J. B. Lewis, for appellant.

Thompson & Thompson, for appellees.

Mr. Presiding Justice McBride delivered the opinion of the court.

The appellant obtained judgment against the appellee at the April term of the Circuit Court of Saline county by default for $1,105.50.

It appears from the record in this case that on March 14, 1913, a *praecipe* for summons was filed herein by the appellant and on the same day summons issued, which was thereafter delivered to the sheriff of said county to serve. The sheriff made, upon said summons, the following return:

"State of Illinois,
Saline County. ss.

I have duly served the within upon the within named George Huber, by leaving a true copy thereof for him at his usual place of abode with his wife, a person of the age of ten years and upward, and a member of the family of the within named defendant, and at the same time making known to her the contents thereof, this 20th day of March, 1913, as I am therein commanded.

Joel Mooneyham, Sheriff."

Thereafter, on March 14, 1913, the plaintiffs filed a declaration in *assumpsit* in said suit, alleging that the defendant, George Huber, on June 13, 1912, executed a note to the plaintiffs for the amount of $1,000, and included therein a stipulation for an attorney's fee of ten per cent. The note was without interest. On April 7th the plaintiffs entered a motion for default, which was thereafter renewed, and on April 12th a default and judgment was entered against the defendant, George Huber, for $1,105.50. On May 31, 1913, the defendant, George Huber, entered a motion to set aside the default entered herein and to permit him to plead, which motion was denied, and this record is

brought to this court for the purpose of setting aside the default and judgment entered in said suit, and among errors assigned are the following: That the court erred in entering default against defendant; that the court erred in entering judgment against appellant; and that the court erred in overruling the motion of appellant to vacate said judgment and set said forfeiture aside.

It is contended by counsel that the defendant, George Huber, was not served with process as required by section 2 of chapter 110 of Hurd's statute (J. & A. ¶ 8539), ten days prior to the April term of said court. This section provides: "That service of summons, except when otherwise expressly provided by statute, shall be made by leaving a copy thereof with the defendant in person." The summons herein was served by leaving a copy with the defendant's wife, as shown by the sheriff's return. It is insisted by counsel for appellees that the legislature intended to give the same right in law cases as in chancery, to have the summons served by leaving a copy thereof with any member of the family. We do not think that this statute is susceptible of that construction but think that it clearly means that, unless otherwise provided, it must be served by leaving a copy thereof with the defendant in person. Unless the summons is served in the mannner provided by the statute the court does not acquire jurisdiction to render judgment. "The statutory requirements for service of process must be strictly complied with, and the return of the officer should show such compliance; otherwise the court will not obtain jurisdiction of the person." *Greenwood v. Murphy,* 131 Ill. 607. The judgment entered by the Circuit Court upon the service herein shown to have been made was a nullity. It appears from the record that on May 31, 1913, George Huber presented an application to the Circuit Court to set aside such default and judgment upon the ground of his inability to reach court in time to defend, on account of high water and

the lack of attention of his counsel. This motion was denied by the Circuit Court and this is also assigned for error. Under the condition of the record in this case and owing to the fact that the court was without jurisdiction to enter the default and judgment, we think the court should have set the judgment aside. It is contended by counsel for appellees that the making of the application to set the judgment aside gave the court jurisdiction to enter the judgment. This position is untenable as the judgment was rendered and the proceedings therein closed before such application was made, and we do not understand that simply making application to get rid of an unlawful judgment, after it had been entered, would in any manner be considered as giving the court original jurisdiction to enter the judgment; to do so would deprive the defendant in such suit, without his consent, of trial by jury.

The record in this case clearly shows that the court was without jurisdiction to render judgment against appellant, and that the entering of such judgment was error and that the judgment of the court below will be reversed.

*Judgment reversed and cause remanded.*