MABEL BARNARD, Admx., Appellant, *vs.* THE SPRINGFIELD AND NORTHEASTERN TRACTION COMPANY, Appellee.

*Opinion filed June 22, 1916.*

1. SERVICE—*what necessary to constitute one an agent for service of process.* To constitute one an agent of a corporation for the purpose of service of process under section 8 of the Practice act, he must have been appointed by the corporation and must represent it in some line of employment authorized by its charter.

2. SAME—*when ticket agent of one corporation is not agent of another.* A ticket agent employed by an interurban railroad company and authorized to sell through tickets from any point on its line to any point on the line of an independent connecting interurban company is not the agent of the latter company for the service of process, though the two companies, with others, comprise what is known as the "Illinois Traction System," which is not a corporation but a mere trade name.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

C. H. BURTON, and HARRY FAULKNER, for appellant.

BURTON & HAMILTON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On October 11, 1912, appellant, as administratrix of the estate of Ira V. Barnard, deceased, sued appellee in case in the circuit court of Madison county for causing the death of said decedent. The declaration charged that appellee was possessed of and operating a certain railroad in Sangamon county, Illinois, extending from Springfield northerly to the Jones & Adams coal mine siding, at which siding the said Ira V. Barnard was run over and killed by a car operated on said siding by appellee and while said Barnard was with all due care discharging his duty as a switchman for appellee. The summons was served on appellee by the sheriff of Madison county in that county by reading and at the same time delivering a true copy thereof to Phil R. Sommerlad, as the return thereon shows. Appellee filed its duly verified plea in abatement, denying that said Phil R. Sommerlad was at the time of such attempted service a ticket agent, clerk, secretary, superintendent, cashier, principal director, engineer, conductor, station agent or agent of any kind whatever of appellee, and averred that said suit was not brought in the county where appellee's principal office is located or where the alleged cause of action occurred or in any county in or through which appellee's road runs; that at the time of such pretended service appellee was a corporation organized under the laws of the State of Illinois, and was the owner of a line of electric railway extending from the city of Springfield, Sangamon county, Illinois, to the city of Lincoln, Logan county, Illinois, and that its principal office was located in the city of Champaign, Champaign county, Illinois. Appellant filed a replication to the plea, averring that the return on the writ was true, and that Sommerlad was at the time of said ser-

vice of summons on him an agent of appellee, and that at the time of such service the president and secretary of appellee were not in said county of Madison. A hearing was had before the court. Judgment was entered in favor of appellee and against appellant. On appeal the judgment was affirmed by the Appellate Court for the Fourth District, and that court granted a certificate of importance. The administratrix prosecutes this appeal.

The proofs clearly sustained every averment in appellee's plea and that Barnard was injured and killed in Sangamon county and that appellee was one of a number of corporations operating traction lines in Illinois, composing what is known as the Illinois Traction System, which system is not a corporation and that said name given it is a mere trade name and not a corporate name. The evidence appellant relies on to prove that Sommerlad was an agent of appellee at the time of such attempted service is that he was the ticket agent of the St. Louis, Springfield and Peoria Railroad Company, whose road is part of the Illinois Traction System and runs through Edwardsville, in Madison county, and from thence to Springfield; that by an arrangement between the different roads composing the system, tickets to passengers could be and were sold by the agent of any one of said roads over the road for which he was agent, to and over any other road of that system; that Sommerlad was, as the agent of the St. Louis, Springfield and Peoria Railroad Company, authorized to sell tickets from Edwardsville over that road to Springfield or to any point north of Springfield on appellee's road, but was not authorized to sell tickets from any point on appellee's road to any other point on appellee's road,—*i. e.,* he could not sell tickets for passage from point to point and wholly on appellee's road; that the rate and fare schedules applying from the Edwardsville station were on file at that office, and that notices were posted in the station that said schedules might be inspected by any person on application, and

that the agent or other employee on duty in the office would lend any desired assistance in interpreting such schedules.

To hold Sommerlad as an agent of appellee for the purpose of obtaining service on appellee under section 8 of the Practice act requires an interpretation of the term "agent" different from the ordinary meaning or interpretation given that word. An agent is a person employed by another to act for him. (Anderson's Law Dict. 42.) Sommerlad was not an agent of the appellee in any ordinary sense of that term. It did not employ nor pay him. It gave him no directions. It had no authority or control over him in his work and no power to discharge him. He owed no duty to transmit a copy of the summons to appellee, and the record discloses no practice or relation between him and appellee that would lead anyone to suppose that he was an agent for such purpose or any other purpose. For the purpose of service under said section of the statute such agent must be one actually appointed by the corporation and representing the corporation in some line of employment authorized by its charter, and not one created by implication or construction and contrary to the intention of the parties. (*Chicago, Burlington and Quincy Railroad Co.* v. *Weber,* 219 Ill. 372; *United States* v. *American Bell Telephone Co.* 29 Fed. Rep. 17.) It is not disputed that the St. Louis, Springfield and Peoria Railroad Company was the agent of appellee in the selling of tickets to passengers traveling over their joint lines. This court has heretofore held, however, that the legislature never designed that service of process upon an agent of an agent of a corporation should be sufficient service to bring the corporation into court and subject it to the court's jurisdiction. *Union Pacific Railroad Co.* v. *Miller,* 87 Ill. 45.

The judgment of the Appellate Court is well supported by the record, and it is therefore affirmed.

*Judgment affirmed.*