## P. Burger, trading as East Side Metal Spinning Company, Appellee, v. St. Louis Bed & Manufacturing Company, Appellant.

1. CORPORATIONS, § 487*—*who is not an agent of a corporation for purpose of service of process.* In an action against a corporation, where service was had by delivering a copy of process to a person as "office manager," where it appeared that the assets of the defendant had been turned over to a creditors' committee to be disposed of for the benefit of creditors, and that the committee placed a person in charge, who in turn employed the person to whom process was delivered, *held* that the person to whom process was delivered was employed by the creditors' committee and not by the defendant, and was therefore not an agent of the defendant, and that the attempted service was void.

2. APPEAL AND ERROR, § 1236*—*when defendant not precluded from questioning validity of service.* Where, in an action against a corporation, the defendant entered a limited appearance, and the jury tried the issue as to whether the attempted service of summons on the defendant was valid or not, and plaintiff contended that the defendant was precluded from raising the point because it had participated at the hearing and cross-examined witnesses, *held* that as the evidence of both parties was directed to the issue of service and to none other, the contention that the defendant was precluded was untenable.

3. APPEAL AND ERROR, § 1392*—*when evidence need not be carefully weighed on appeal.* It is not necessary for the Appellate Court to accurately weigh evidence in order to determine whether or not the trial court erred in directing the jury to find for plaintiff.

4. CORPORATIONS, § 487*—*who are agents for purpose of service of process.* To obtain service on a corporation through its officers or agents, such agents must be appointed by the corporation and representing it in some line of employment authorized by its charter.

5. TRIAL, § 199*—*when verdict should not be directed.* A verdict should not be directed by the trial court unless the evidence is free from substantial conflict.

Appeal from the City Court of East St. Louis; the Hon. ROBERT FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

L. V. WALCOTT, for appellant.

W. L. COLEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

At the January term, 1916, of the City Court of the City of East St. Louis, P. Burger, doing business as the East Side Metal Spinning Company, appellee herein, filed an affidavit in attachment against the St. Louis Bed & Manufacturing Company, appellant, to recover the sum of $288, alleged to be due for a shipment of goods, wares and merchandise.

A writ of attachment was levied by the sheriff on certain articles of appellant, and in making his return he used the following language: "And I have duly served the within writ upon the within-named defendant, The St. Louis Bed & Manufacturing Company, by reading and also delivering a true copy thereof to Roy Burch, office manager of the within-named, The St. Louis Bed & Manufacturing Company." To this service and the return the defendant filed its special plea in abatement, on limited appearance.

Later, with the consent of the court, the defendant withdrew its plea in abatement and filed a further plea on limited appearance, denying service according to the statute and setting up that the said Roy Burch was not at the time of the said service in the employ of the appellant. With the pleadings in this condition, a trial was had at the March term, 1916.

At the close of all the evidence, the appellant entered a motion to exclude the evidence and to instruct the jury to find the issues in its favor, which motion was denied. Appellee thereupon entered a motion to instruct the jury to find the issues for the plaintiff. Said motion was allowed and the jury were directed to return a verdict in favor of appellee for $288. The court

rendered judgment. To reverse said judgment this appeal is prosecuted.

The principal ground urged by appellant for a reversal of the judgment in this case is that the court erred in directing a verdict in favor of appellee.

The issue that was being tried by the jury was as to whether or not Roy Burch, to whom the sheriff read the attachment writ and delivered a copy, designating him as official manager of appellant, the St. Louis Bed & Manufacturing Company, was the agent of appellant, and the evidence offered with the exception of the statement of the account sued on was all on that issue.

Appellee's counsel practically admits this in his brief wherein he says: "Defendant (appellant here) did not move to quash the sheriff's return, but filed a special answer and put in issue whether or not Roy Burch, styling his agency 'office manager' of the defendant, upon whom the sheriff served the writ, was its agent. On this state of the pleadings a trial was had."

The record discloses that prior to the institution of this suit appellant, St. Louis Bed & Manufacturing Company, having become involved financially, a meeting of its creditors was called, at which meeting it was determined by a large majority of the creditors that steps should be taken to have appellant assign and transfer to a "creditors' committee" all of its assets to be by said creditors' committee disposed of for the benefit of its various creditors. The record further discloses that thereafter on the 8th day of June, 1915, an assignment was made by appellant to a creditors' committee selected by a majority vote of its creditors. This committee then placed in charge of the plant of appellant one Walter Goodwin, who in turn employed the said Roy Burch. Burch it seems was in charge under said creditors' committee of the business theretofore conducted by appellant in the City of East St.

Louis, and was so acting in said capacity at the time of the purported service made by said sheriff. There is practically no conflict in the testimony in regard to the position of Roy Burch. Practically all of the evidence tends to the effect that he was not office manager, clerk or agent, in any capacity whatever for appellant at the time of said purported service. The evidence all being to the effect that the business that had at one time been conducted by appellant had been taken over by said "creditors' committee" and that Burch's employment was by said committee, and not by appellant.

We therefore hold that Burch was not an agent of appellant and that the attempted service on appellant, through Burch, as its office manager was void.

To obtain service on a corporation through its officers, or agents, such agents must be appointed by the corporation and representing it in some line of employment authorized by its charter. *Barnard v. Springfield & N. E. Traction Co.*, 274 Ill. 148; *Chicago, B. & Q. R. Co. v. Weber*, 219 Ill. 372.

It is contended by appellee that appellant is not in a position to urge this objection for the reason it is insisted that appellant appeared by counsel and took part on the hearing and cross-examined the witnesses of appellee and offered testimony in chief on its behalf. An examination of the record discloses that appellant limited its appearance for the purpose of filing the plea or answer putting in issue the question of the agency of Burch, and the evidence offered by both parties was directed to that issue and to none other. The contention of the appellee that appellant is foreclosed from raising the question as to the agency of Burch is not well taken.

It is not, however, necessary for us to accurately weigh evidence in order to determine whether or not the trial court erred in directing the jury to find the

issues on the merits. in favor of appellee, as the law is, that if there is any evidence in the record fairly tending to support the case made by the opposite party, that it is the duty of the trial court to allow the jury to pass on all the controverted questions of fact. *Paton v. Stewart*, 78 Ill. 481; *Bailey v. Robison*, 233 Ill. 614; *Libby, McNeill & Libby v. Cook*, 222 Ill. 206.

It is further the law that a verdict should not be directed by the trial court unless the evidence is free from substantial conflict. *Chicago City Ry. Co. v. Martensen*, 198 Ill. 511; *Hartley v. Chicago & A. R. Co.*, 197 Ill. 440.

Appellant also contends that the court erred in refusing to direct a verdict in its favor at the close of all the evidence in the case on the motion made by it at said time. We are of the opinion that the court should have allowed said motion and should have directed a verdict in appellant's favor on the issue being tried before the jury.

For the error in the court failing to direct a verdict in favor of appellant and directing a verdict in favor of appellee, this cause is reversed and remanded.

*Reversed and remanded.*