**Yale Short Line Railroad Company, Plaintiff in Error, v. Kansas & Sidell Railroad Company, Defendant in Error.**

**Gen. No. 8,187.**

Opinion filed May 2, 1928.

WILLIAM E. ISLEY, for plaintiff in error.

O'HAIR & McCLAIN, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

The Kansas & Sidell Railroad Company, defendant in error, brought its action in assumpsit against the Yale Short Line Railroad Company, plaintiff in error, in the circuit court of Clark county. The declaration filed consists of a special count and the common counts. To the declaration is attached an affidavit of amount due wherein the amount of the indebtedness is averred to be $12,764.31. A summons was issued on which the original return of service was as follows:

"State of Illinois,⎱
County of Clark, ⎰ ss.

"I have duly served the within writ on the within defendant by reading and at the same time the same to Clem Hunt, agent and servant of said Defendant, the President, Secretary or Treasurer, of said Defendant Company not being found in my County, as I am therein commanded. '

"Served this 4th day of March, 1927.

H. O. Coldren, Sheriff.

Roy Cropp, Deputy."

Subsequently the defendant in error made a motion to amend the return of the sheriff. This motion was never passed upon by the court but it appears that the return was amended so as to read as follows:

"State of Illinois,⎱
County of Clark, ⎰ ss.

"I have duly served the within writ on the within named Defendant by reading said writ, and at the same time delivering to Clem Hunt, agent and servant of said Defendant, a true copy thereof, the President,

Secretary and Treasurer of said Defendant, not being found in my County, as I am therein commanded.

"Dated this 4th day of March, 1927.

Harry O. Coldren, Sheriff,

By Roy Cropp."

Thereafter the plaintiff in error was called and defaulted. After the default but on the same day the plaintiff in error entered a special and limited appearance for the purpose of making its motion to set aside the order of default. This motion was sustained and the default set aside. Thereupon plaintiff in error filed its plea in abatement to which the defendant in error demurred. The court sustained the demurrer and plaintiff in error, by leave of court, amended its plea and the defendant in error again filed its demurrer thereto, which the court sustained and the plaintiff in error having elected to stand by its plea, judgment was entered in favor of defendant in error for the said sum of $12,764.31 and costs.

It is alleged in the plea of abatement, in substance, that before and at the time of the commencement of the action and at the time of the alleged service of process upon plaintiff in error, it had not any office or place of business in the said county of Clark, did not then reside in said county and was not served with process therein; that at the time of the attempted service it was the owner of a line of railroad extending in part through said county and other counties in the State and that it did not then, nor has it at any time, operated, managed or controlled its said line of railroad through any servants or agents whatever and had no agents or servants and the said Clem Hunt, on whom service of process is alleged to have been had, was not then, nor at any time, an agent or employee of the Yale Short Line Railroad Company; that said Hunt was never employed by it or paid any wages by it and owed no duty or service to it; that, at the time of the alleged attempted service, its line was being

operated and controlled under a contract by the Yale Short Line Company and that said Hunt was then and had been prior thereto and still is an employee of said Yale Short Line Company, under the direction of one A. M. Hunsaker, and that neither the said Hunt, nor said Hunsaker, is employed by, under the control of, paid by, or responsible to, plaintiff in error, nor are they or either of them officers, agents or servants of plaintiff in error; that at the time of said attempted service Hunt was a laborer under the charge and direction of the said Hunsaker, employed and paid by him to perform such duties and labors in and about the operation of a tractor or motor, and the hauling of freight and passengers as the said Hunsaker might direct and was at that time neither secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent of plaintiff in error; that plaintiff in error neither then nor since had or has any such officers or servants, except a secretary, and now has no officers or servants except a board of directors and president and secretary; that E. M. Wiman of Yale, Jasper county, Illinois, is its president and Harry Postlewait of Charleston, Illinois, is its secretary and its principal place of business was and is Yale, Illinois; that its line of railroad extends from Yale, Jasper county, to Casey, Clark county, and is 12 miles in length; that it has never been operated by the defendant through any servants or agents, but has been and is now operated under a lease and contract with the Yale Short Line Company whereby said operating company owns its own equipment and employs its own labor, servants and agents, pays them and pays the taxes and expenses and receives the profits and no officer of the defendant of any kind gives any directions or orders or does any act whatever connected with the operation or control of said road; and this it is ready to verify,

wherefore it prays judgment, etc. The plea was duly verified by a proper affidavit.

As we understand from the argument of counsel for defendant in error, the plea is bad (1) because the averments therein are but conclusions of law and not statements of fact; (2) it does not disclose whether the Yale Short Line Company is a corporation existing under the laws of any State or licensed to do business in the State of Illinois; (3) the contract of leasing is not set out in full and if it had been it might contain terms which would make the Yale Short Line Company, Clem Hunt, or Hunsaker, the agent of plaintiff in error. We cannot concede the pertinency of any of the above objections to the plea. The plea, in fact, goes much farther than is necessary in pleas of this character. The only point at issue under the plea was as to whether Clem Hunt, on whom the summons was served, was an officer or agent of plaintiff in error, for the service of process. In the plea it is specifically alleged that Hunt was not an officer or agent of plaintiff in error, nor in its employ in any capacity. These averments are not conclusions of law but statements of fact and, in so far as the objections raised to the sufficiency of the plea are concerned, were the only material facts which were necessary to be pleaded. The other allegations in the plea in regard to the operation of the line of railroad, the lease, and who Hunt actually did work for, were unnecessary, and, eliminating them from the plea as surplusage, the latter would be substantially in the form approved in the case of *Barnard v. Springfield & N. E. Traction Co.*, 274 Ill. 148. If the material facts alleged in the plea are true then there was no service upon plaintiff in error and the court had no jurisdiction to enter judgment against it.

The judgment is reversed and the cause remanded with directions to overrule the demurrer to the plea.

*Judgment reversed and cause remanded with directions.*