Van Der Molen Disposal Company, a Corporation, Plaintiff-Appellee, v. Western Bearings Corporation, a Corporation, Defendant-Appellant.

Gen. No. 54,344.

First District.

June 12, 1970.

Anthony S. Ras, of River Forest, for appellant.

Frank Cosentino, of Chicago, for appellee.

ALLOY, J.

Plaintiff Van Der Molen Disposal Company, a corporation, filed an action against Western Bearings Corporation, a corporation, to recover payment for certain services. The complaint alleged that defendant was obligated to plaintiff in the sum of $581.25. It was also alleged that defendant was a corporation having its principal office at 1654 N. Mannheim Road, Melrose Park, Illinois. The summons was directed to the deputy sheriff to serve "G. M. Sorgel, 1654 N. Mannheim Rd., Melrose Park, Illinois." G. M. Sorgel was not named as a defendant in the action. Although the record does not disclose the circumstance, Gertrude M. Sorgel was in fact secretary of the corporation and her personal residence was in DuPage County, Illinois, not in Cook County.

The return of the deputy sheriff in the cause before us was in the following language:

> "Served this writ on the within named defendant G. M. Sorgel at his usual place of abode by delivering a copy thereof to Jane Doe a person of his family of the age of ten years or upwards and informing her of the contents thereof this 19th day of Jan. 1969."

The service of such summons was at the corporate address at Mannheim Road. A copy of the writ was mailed "to the said defendant at such usual place of abode."

An order of default was entered on February 21, 1969, followed by a judgment for $581.25 and costs on May 10, 1969. On June 12, 1969, the defendant corporation filed a motion appearing especially for the purpose of setting aside the service as shown of record and stated that the defendant was not served a summons as required by the statute and rules of the court as affirmatively disclosed by the return. The defendant asked that the order against it be vacated and set aside and that the return of service be set aside and quashed. No affidavits were filed by either party to supplement the record and no evidence was presented, so that we are confined to the record of service as made in the trial court. The trial court refused to vacate the judgment, and thereby, in effect, held that the service was properly made on the corporation.

An issue before the court, in considering the return and the service in the cause before us, is whether so-called "substituted service" could be had on corporations similar to substituted service on individuals under Ill Rev Stats 1967, c 110, § 13.2. That section provides that service of summons upon an individual defendant could be made by (1) leaving a copy thereof with defendant personally, or (2) by leaving a copy at his usual place of abode with some person of the family, of the age of 10 years or upward, informing that person of the contents thereof. It is further provided that the officer making the service should send a copy of the summons in a sealed envelope with postage fully prepaid addressed to the defendant at his usual place of abode. In the following section, 13.3, which provides for service on private corporations, it is specifically provided that a private corporation may be served (1) by leaving a copy of the process with

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

its registered agent or any officer or agent of said corporation found anywhere in the State; or (2) in any other manner "now or hereafter permitted by law." There is a further provision that a private corporation may be notified by publication by mail in like manner and with like effect as individuals.

■■■■ Plaintiff contends that the provisions of § 13.3, which provide for service on a corporation, in referring to "any other manner now or hereafter permitted by law" allows the service on a corporation to be made by substituted service under the provisions of § 13.2(2). In the Joint Committee Comments at page 119 of Smith-Hurd Illinois Annotated Statutes, it is stated:

> "Clause (2) is designed to eliminate possible conflicts with other statutes providing for service of process, such as the Business Corporation Act and the Insurance Code."

It appears on the basis of the contents of the provisions, that the legislative intent in Section 13.3 was to provide for potential conflicts as indicated in the Joint Committee Comments. The circumstance that § 13.3 also includes a provision that a corporation may be notified by publication to the same effect as an individual can, shows that the legislature did not intend that corporations could be served in every instance in the same manner as private individuals or the legislature would have said so. If the general language of the preceding section, in which it is provided that the corporation may be served "in any other manner now or hereafter permitted by law," was intended to mean that a corporation was to be treated like an individual for the purpose of service, it would be inconsistent for the legislature, in the very next sentence, to state that the corporation could be served by publication "with like effect as individuals." Since the enumeration of one thing presumptively excludes other modes or methods not expressly mentioned in the statute, nor-

mal statutory construction would require us to conclude that there was no intent on the part of the legislature to provide for substituted service under § 13.2 for corporations. The general language used in § 13.3 referred to was apparently intended to mean service under other statutes such as the Corporation Act and the Insurance Code or similar legislation, and was not intended to allow service on the corporation under § 13.2 providing for substituted service on individuals.

Another reason for concluding that this was not intended lies in the nature of § 13.2 which provides for "leaving a copy at his usual place of abode, with some person of the family of the age of 10 years or upwards." The corporation will not have a "usual place of abode" in the sense contemplated by § 13.2 nor does the corporation have a "family" or normally have someone living at its abode of the age of 10 years or upwards. If this construction were pursued then any child of the age of 10 years or upwards in the corporate premises might be deemed an appropriate agent for service on the corporation. This construction is neither necessary nor desirable. Section 13.3 provides for an orderly method of serving a corporation by leaving a copy with the registered agent or any officer or agent of the corporation. This authority is very broad and apparently has not handicapped litigants in obtaining service on corporations.

██ It is notable that the service in the particular cause before us was directed to be made upon "defendant G. M. Sorgel." The return of the deputy sheriff shows service upon the "defendant G. M. Sorgel at his usual place of abode by delivering a copy thereof to Jane Doe a person of his family of ten years or upward and informing her of the contents thereof." The record, therefore, fails to show service upon the corporation.

██ We believe that provisions relating to service on a corporation and also service upon other litigants, under Illinois practice should be liberally construed, but we find

37

no basis for supporting the determination of the lower court that the service in the instant case was an appropriate or proper service under the Illinois statute upon defendant Western Bearings Corporation. We, therefore, conclude that the trial court erred in denying the motion to vacate the judgment and to set aside and quash the return of service.

This cause will, therefore, be reversed and remanded to the Circuit Court of Cook County with directions to vacate the judgment and set aside and quash the return of service in this cause.

Reversed and remanded with directions.

RYAN, P. J. and STOUDER, J., concur.