CARMEN CHIARELLI, Plaintiff-Appellant, *v.* R. MITCHELL *et al.*, Defendants-Appellees.

First District (3rd Division) No. 61667

Opinion filed February 19, 1976.

Richard M. Kates, of Chicago, for appellant.

No appearance for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We granted plaintiff, Carmen Chiarelli, leave to appeal from an interlocutory order of the circuit court of Cook County. (Supreme Court Rule 308.) The trial court had ruled that it acquired no jurisdiction over defendant, R. Mitchell, based on service by publication. The trial court also entered an order dismissing the complaint as to the defendant, Illinois Department of Registration and Education. However, on appeal, plaintiff does not challenge the propriety of the order dismissing the Department.

Plaintiff's complaint recited that Mitchell, a duly licensed real estate broker, on February 11, 1974, had obtained $1,800 from plaintiff. The money was to be held in escrow by Mitchell while a bid for the purchase of certain real estate was pending. The bid was not accepted, and plaintiff attempted to obtain a return of his money. However, Mitchell had embezzled the money and had fled the city. The complaint further recited that under the Real Estate Brokers and Salesmen License Act the Department maintains a real estate recovery fund to compensate victims of embezzlement by registered real estate brokers. (Ill. Rev. Stat. 1973, ch. 114½, par. 108.1.) Plaintiff thereupon prayed for judgment against Mitchell in the amount of $1,800. Plaintiff also requested that after judgment was entered against Mitchell and after he had proved compliance with the foregoing statute, the court direct the Department to reimburse plaintiff from the real estate recovery fund. Plaintiff served Mitchell by publication. In so doing, plaintiff's counsel filed an affidavit in which he stated that Mitchell had either gone out of the State or was concealed within the State so that process could not be served upon him.

The statute in question recites in part as follows:

"The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly registered real estate broker * * * which constitutes embezzlement of money or property, or money or property unlawfully obtained from any person by false pretenses, artifice, trickery or forgery or by reason of any fraud, misrepresentation or deceit by or on the part of any such real estate broker * * * which results in a loss of actual cash money as opposed to losses in market value, may recover by order of the circuit court * * * an amount of not more than $10,000 for damages sustained * * *." Ill. Rev. Stat. 1973, ch. 114½, par. 108.1.

Section 8.3(b) provides in part as follows:

"When any aggrieved person recovers a valid judgment in any court of competent jurisdiction against any real estate broker * * *, the aggrieved person may, upon the termination of all proceedings * * *, file a verified claim in the court in which the judgment was entered and, upon 10 days written notice to the Department, and to the person against whom the judgment was obtained, may apply to the court for an order directing payment out of the Real Estate Recovery Fund * * *." Ill. Rev. Stat. 1973, ch. 114½, par. 108.3(b).

■ ■ It is fundamental that one of the essentials of a valid judgment is that the court have jurisdiction to render it. Absent a general appearance, proper service of process is essential in order for the court to acquire *in personam* jurisdiction over a defendant in order to enter a judgment against him. (*Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706.) There is nothing in the Act creating the real estate recovery fund to suggest any departure from the principle that personal service is necessary for the court to acquire jurisdiction over the defendant. Indeed, the statute specifically provides that payment may be sought from the fund only after a valid judgment is recovered against the broker. Plaintiff's contention that the requirement of personal service would render the Act a nullity presumes that every real estate broker so charged would flee, and is unpersuasive.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.