ROBERT MASON, d/b/a Ideal Printing Co., Plaintiff-Appellee, *v.* FREEMAN NATIONAL PRINTING EQUIPMENT CO., LTD., Defendant-Appellant.

First District (4th Division)   No. 76-1407

Opinion filed August 4, 1977.

L. D. McCurrie, of Oak Lawn, for appellant.

James J. Riebandt, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

An ex parte judgment was entered in the trial court against the defendant although only an employee of the defendant's registered agent for service was served. The defendant appeals from a refusal by the trial court to vacate the judgment for want of jurisdiction. We find that the judgment was void, that the defendant did not waive the defect by its attempt to have the judgment vacated, and that the trial court was required to vacate the judgment.

Accordingly, we reverse the trial court and vacate the ex parte judgment.

The plaintiff in this action filed suit against the defendant, Freeman National Printing, on March 7, 1975. The sheriff of Cook County was thereupon directed to serve process upon Arnold Abrams, the registered agent of the defendant. Instead the return reveals that service was made upon a Mrs. Ito who, the plaintiff concedes, was only an employee of Abrams. When the defendant, who apparently had received no notice of the suit, failed to file an appearance, an ex parte judgment was entered against the defendant on July 14, 1975, in the amount of $1,154.29. An execution of judgment was filed by the plaintiff on October 15, 1975. On December 9, the defendant filed a petition praying for the vacating of the judgment on the grounds there had been no proper service and asking for leave to file a limited appearance and to answer or otherwise plead within 28 days. This last request was dropped from its amended petition filed on February 2, 1976. The court denied the amended petition to vacate because it failed to comply with the requirements of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), and ordered that execution should issue.

## I.

■■ It is axiomatic that one of the essentials of a valid judgment is that the court have jurisdiction to render it, and service of process on a defendant is a necessary and imperative element and prerequisite before the court can have jurisdiction to enter a judgment against him. (*Stone & Adler, Inc. v. Cooper* (1974), 20 Ill. App. 3d 576, 315 N.E.2d 56; *Chiarelli v. Mitchell* (1976), 36 Ill. App. 3d 287, 343 N.E.2d 563.) The Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110), designates in section 13.3 the proper procedure regarding personal service on private corporations. Pursuant to that section, a private corporation may be served by leaving a copy of the process with the corporation's registered agent or with an officer or agent of the corporation. Nowhere does the statute provide that service can be had on an employee of the registered agent. Nor does section 13.2 of the Illinois Civil Practice Act which provides for substituted service upon *individual* defendants apply to service upon corporations. (*Van Der Molen Disposal Co. v. Western Bearings Corp.* (1970), 127 Ill. App. 2d 33, 261 N.E.2d 759.)[1] While the provision relating

---

[1] Section 13.2 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 13.2), provides in pertinent part "° ° ° service of summons upon an *individual* defendant shall be made (a) by leaving a copy thereof with the defendant personally or (b) by leaving a copy at his usual place of abode, with some person of the family, of the age of 13 years or upwards ° ° °." (Emphasis added.)

to service should be liberally construed, we must bear in mind that the enumeration of one method presumptively excludes other modes or methods not expressly mentioned in the statute. (*Van Der Molen Disposal Co. v. Western Bearings Corp.* (1970), 127 Ill. App. 2d 33, 261 N.E.2d 759.) The statute expressly provides for service upon an officer or agent of the corporation being sued. It does not provide for service on an employee or agent of an agent; therefore, we must conclude the legislature did not intend for such service to suffice. As stated by the court in *Barnard v. Springfield & Northeastern Traction Co.* (1916), 274 Ill. 148, 151, 113 N.E. 89, in holding that service upon a ticket agent of a company selling tickets for the defendant was insufficient:

> "To hold Sommerlad as an agent of appellee for the purpose of obtaining service on appellee under section 8 of the Practice act requires an interpretation of the term 'agent' different from the ordinary meaning or interpretation given that word. An agent is a person employed by another to act for him. (Anderson's Law Dict. 42.) Sommerlad was not an agent of the appellee in an ordinary sense of that term. It did not employ nor pay him. It gave him no directions. It had no authority or control over him in his work and no power to discharge him. He owed no duty to transmit a copy of the summons to appellee, and the record discloses no practice or relation between him and appellee that would lead anyone to suppose that he was an agent for such purpose or any other purpose. For the purpose of service under said section of the statute such agent must be one actually appointed by the corporation and representing the corporation in some line of employment authorized by its charter, and not one created by implication or construction and contrary to the intention of the parties. (*Chicago, Burlington and Quincy Railroad Co. v. Weber*, 219 Ill. 372; *United States v. American Bell Telephone Co.* 29 Fed. Rep. 17.) It is not disputed that the St. Louis, Springfield and Peoria Railroad Company was the agent of appellee in the selling of tickets to passengers traveling over their joint lines. This court has heretofore held, however, that the legislature never designed that service of process upon an agent of an agent of a corporation should be sufficient service to bring the corporation into court and subject it to the court's jurisdiction. *Union Pacific Railroad Co. v. Miller*, 87 Ill. 45."

■■ The defendant in its affidavit swore that neither Arnold Abrams nor his partner received any summons or complaint and that Mrs. Ito was not an agent to receive service of summons. No counteraffidavits were filed rebutting these allegations. Accordingly, the trial court should have taken the defendant's affidavit as true and quashed the purported return

and vacated the default judgment. *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 297 N.E.2d 795.

## II.

The plaintiff on appeal apparently concedes that the defendant was never served. Instead, he apparently contends (A) that the motion being made more than 30 days after the judgment was entered, it was a section 72 motion and thus was properly denied since the defendant failed to allege diligence and the existence of a meritorious defense, and, (B) that the defendant by filing the petition waived any objection it had to the defective service and submitted itself to the jurisdiction of the court.

### A

■■■ It is well-established law in Illinois that a motion to vacate for want of proper service is not a petition under section 72 after valid service. (*Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 297 N.E.2d 795; *City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17, 241 N.E.2d 640 (abstract), *appeal denied* (1969), 40 Ill. 2d 577; *Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188.) A void judgment can be set aside at any time (*Stone & Adler, Inc. v. J. J. Cooper & Associates* (1974), 20 Ill. App. 3d 576, 315 N.E.2d 56; *Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 171 N.E.2d 81; *Lichter v. Scher* (1954), 4 Ill. App. 2d 37, 123 N.E.2d 161), and the defendant's delay in challenging the purported service of summons does not in any way support and affirm the service and return. *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 297 N.E.2d 795.

■■ Likewise, since section 72 by its express terms is not applicable to a motion to vacate a void judgment, the defendant is not required to plead that he had a meritorious defense.

### B

■■ The appellee's contention that the filing of the petition to vacate waived the defective service and created jurisdiction is also without merit. A motion to vacate is a proper method of raising the issue of want of jurisdiction. (*Gleiser v. Gleiser* (1949), 402 Ill. 343, 83 N.E.2d 693.) The defendant's amended petition clearly raised the issue of want of jurisdiction for lack of proper service and only raised that defense; the defendant asked only for leave to file its special and limited appearance, vacation of the ex parte judgment, the quashing of the purported service of summons and for any other relief the court might find meet and just. Nothing in this amended petition could be considered to recognize the jurisdiction of the court over the defendant or to submit the defendant to its jurisdiction. Quite the contrary.

■■ It is true that the original petition was broader in scope. In that petition the defendant likewise alleged that service had never been made, but in addition alleged that it had a meritorious defense. Furthermore, besides praying for the vacating of the judgment and leave to file its limited appearance, the defendant also prayed for leave to answer within 28 days. However, we need not determine if the effect of this petition was negated by the filing of the amended petition since we hold that while the first petition indicated an intention to file a general appearance if leave was granted (which intention was never realized), the petition itself did not act as a general appearance. The intention of the defendant, as revealed by the petition, clearly was simply to raise the question of jurisdiction. The surplusage, while unfortunate, was apparently added merely out of an excess of caution. This is not the situation presented in *Stokes v. Kershaw* (1965), 60 Ill. App. 2d 222, 207 N.E.2d 714 (abstract), cited by the defendant, and *Kunde v. Prentice* (1928), 329 Ill. 82, 160 N.E. 193, where the appellant failed to raise the issue of lack of jurisdiction *at all* in the lower court. Obviously, in order to preserve a question on appeal, normally specific objection must be made in the trial court. (*Stokes v. Kershaw* (1965), 60 Ill. App. 2d 222, 207 N.E.2d 714 (abstract).) We note, furthermore, that in both cases, while the reviewing court found that the lack of jurisdiction had been waived by the appellant's failure to make an attempt to point out to the lower court that it had no jurisdiction, nevertheless the court held that the trial court had erred in not setting aside the judgment.

Furthermore, it is expressly provided under the present statute (Ill. Rev. Stat. 1975, ch. 110, par. 20), that "every appearance, *prior to judgment*, not in compliance with the foregoing is a general appearance." In other words, under a literal reading of the statute, the defendant did not make a general appearance since his petition was filed *after* judgment, not before. *Gurtz Electric Co. v. Kamenir* (1973), 10 Ill. App. 3d 56, 294 N.E.2d 20 (abstract).

Moreover, it would not help the plaintiff were we to hold that the defendant by its actions entered a general appearance. While there is some early case law to the contrary (see *United States Brewing Co. v. Epp* (1928), 247 Ill. App. 315), it is clearly the law today that a judgment void when entered is not suddenly rendered valid by the mere entry of a general appearance (*City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17, 241 N.E.2d 640 (abstract), *appeal denied* (1969), 40 Ill. 2d 577), unless, of course, the party admits the validity of the prior judgment (see *Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77). As Justice Swartz said in *Bah*:

> "It is clear that a defendant who appears in an action prior to the time the court enters judgment waives service of process unless he

is appearing for the single purpose of contesting jurisdiction, that is, entering a special appearance. In such case the defendant has voluntarily submitted to the jurisdiction of the court prior to judgment and the court has jurisdiction at the time it enters its order. But when the appearance comes after judgment has been entered, the same logic serves only to submit the defendant to the jurisdiction of the court as of the date he appeared, not retroactively as of the date of the ex parte judgment. If the judgment was void when entered, it remains void even after the defendant appears for the purpose of receiving relief from the consequences of the void order—in the instant case the demolition of defendants' building by the City"

and this is reasonable. As stated in *Sherrell v. Huber* (1914), 186 Ill. App. 475, 478:

"It is contended by counsel for appellees that the making of the application to set the judgment aside gave the court jurisdiction to enter the judgment. This position is untenable as the judgment was rendered and the proceedings therein closed before such application was made, and we do not understand that simply making application to get rid of an unlawful judgment, after it had been entered, would in any manner be considered as giving the court original jurisdiction to enter the judgment; to do so would deprive the defendant in such suit, without his consent, of trial by jury."

Accordingly, we reverse the order appealed from, quash the purported return of service and vacate the ex parte judgment.

Reversed. Judgment vacated.

DIERINGER, P. J., and LINN, J., concur.