**GENERAL FINANCE CORPORATION,**
**Defendant-Appellant,**

v.

**Madonna SKINNER, Plaintiff-Appellee.**

**No. 1–380A67.**

Court of Appeals of Indiana,
First District.

Feb. 23, 1982.

James S. Kirsch, Kroger, Gardis & Regas, Indianapolis, for defendant-appellant.

Hansford C. Mann, Max E. Goodwin, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for plaintiff-appellee.

## ON PETITION FOR REHEARING

NEAL, Judge.

GFC petitions for rehearing on a decision handed down by this court on September 29, 1981, and published at 426 N.E.2d 77 Ind.App. Therein we ruled in favor of the trial court and held that GFC and GFC of Ind. are conducting one and the same business and service of the summons and complaint upon the resident agent of GFC of Ind. amounted to proper and sufficient service upon GFC. We deny the petition for rehearing.

We summarize GFC's interlocking arguments as follows:

I. Notice must be reasonably calculated to inform, and, where a certain method appears sufficient because there is no better method available, it will not be sufficient if a better method is available. GFC then contends better methods exist, namely: (1) service upon Joe Simala, General Manager of GFC of Indiana, (2) service upon the manager of the Terre Haute office of GFC of Indiana, and (3) service upon the secretary of state of Indiana under Ind.Code 23–3–3–1.

II. GFC did not have actual notice of service as it is a foreign corporation without an agent in Indiana, and C. T. Corporation had no duty to forward the summons to GFC as it was the resident agent of GFC of Indiana. Therefore, the trial court abused its discretion in refusing to set aside the default judgment.

III. This court erred in determining the service of process was adequate and thus conferred in personam jurisdiction upon the trial court.

In its arguments, GFC chooses to ignore that the facts of this case demonstrate no discernable distinction, or separation, between the activities of the two corporations. They are one entity. GFC chose only to qualify GFC of Indiana to do business here, and it, in the guise of that latter corporation, made its incursion into the state. GFC, having chosen to do business in that

manner, and having exhibited to the public and potential litigants this branch, this arm or image of GFC of Indiana and its resident agent as its visible form, cannot complain that it was improperly served summons in the form thus invited. The cases hold in effect that Skinner need not transverse this corporate labyrinth in search of a defendant, but may serve that visible portion of the enterprise held out to her.

In support of its petition for rehearing, GFC cites *Slates v. International House of Pancakes, Inc.*, (1980) 90 Ill.App.3d 716, 46 Ill.Dec. 17, 413 N.E.2d 457 and *Barnard v. Springfield & N.E. Traction Co.*, (1916) 274 Ill. 148, 113 N.E. 89.

■ In *Slates*, plaintiff filed an action against a franchisor of a restaurant which was a foreign corporation. Rather than serving process upon the registered agent of the defendant foreign corporation, plaintiff served the summons and complaint upon the manager of the restaurant, contending that the manager acted as agent for the franchisor. The Appellate Court of Illinois said there was no evidence the manager was an agent of the franchisor for purposes of determining whether service of process upon the manager was sufficient as service upon the franchisor as the named defendant. More importantly, the court in *Slates* stated:

> "Where the facts indicate that one corporation so controls the affairs of another corporation that the two entities are essentially one, the court will disregard the corporate entities and hold service of process on one corporation effective as to the other." (Citations omitted.)

46 Ill.Dec. at 24, 413 N.E.2d at 464. We are in complete agreement with the above passage cited from *Slates* and repeat that service upon the resident agent of the subsidiary in the instant case is sufficient service upon the parent, GFC.

Finally, in *Slates*, the court stated:

> "[T]he preferable approach would have been to serve a copy of the summons and complaint upon the registered agent of the defendant foreign corporation. Furthermore, while section 13.3 does not indicate a preference for service upon a private corporation, prudence and the good practice of law clearly require that service be made upon the registered agent."

46 Ill.Dec. 26–27, 413 N.E.2d at 466–7. In *Slates*, the plaintiff failed to serve process upon an authorized agent; in the instant case, Skinner service process upon C.T., the resident agent of GFC of Ind.

The *Barnard* case concerns the issue of whether one actually has been appointed as agent for purposes of authorizing service of the summons. Here, it is undisputed that C.T. is the resident agent of GFC of Ind., which, as we have decided, is a mere instrumentality of GFC where business is clearly conducted as one enterprise. As a result, service of the summons and complaint upon C.T. was proper and sufficient notice to GFC of the proceedings against it.

■ The business operations of GFC and GFC of Ind. are one and the same. Both corporations, in fact, operate as a single entity. In *Clarke Auto Co., Inc. v. Fyffe*, (1954) 124 Ind.App. 222, 116 N.E.2d 532, appellee buyer purchased an automobile at auction from whom he believed to be Clarke Auto Co., Inc. (Clarke, Inc.) In fact, Clarke Auto Co. of Indiana, Inc. (Clarke Ind., Inc.) had sold the vehicle to buyer. Both Clarke, Inc. and Clarke Ind., Inc. had sold the vehicle to buyer. Both Clarke, Inc. and Clarke Ind., Inc. had the same officers, bookkeepers and were engaged in the same type of business. The letterhead of Clarke Ind., Inc. was "Clarke Auction Co." and the books and records of Clarke Ind., Inc. were kept at the office of Clarke, Inc. Although proper service of process was not at issue, appellant Clarke, Inc. contended it was a separate and distinct legal entity from Clarke Ind., Inc. The court in *Clarke, supra*, held that the two corporations were merged and appellant corporation cannot escape liability where it was conducting business in such a manner that innocent third parties had no way of knowing with which corporation they were dealing. When a party corporation permits another to use its firm name, the former is liable to

others who do business with that corporation and who do not know the true facts. *Burger Man, Inc. v. Jordan Paper Products, Inc.,* (1976) 170 Ind.App. 295, 352 N.E.2d 821; *Clarke, supra; Feucht v. Real Silk Hosiery Mills, Inc.,* (1938) 105 Ind.App. 405, 12 N.E.2d 1019.

In Issue I, we are unpersuaded that service upon Joe Simala, the nonresident manager of GFC of Indiana, or upon the manager of the Terre Haute office thereof, would be more reasonably calculated to inform than service upon the resident agent, C. T. Corporation, for all are agents of GFC of Indiana. Further, by this argument it would appear that GFC concedes that service upon an agent of GFC of Indiana, in these circumstances, is service upon GFC, there being but one entity involved. We are also of the opinion that Ind.Code 23–3–3–1 is available for service on foreign corporations which otherwise do not possess local resident agents. Ind. Rules of Procedure, Trial Rule 4.6(A)(1) does not exclusively require service on the Secretary of State in the case of foreign corporations.

In Issue II, GFC's argument that it did not have actual notice through service upon C.T. is without merit. Since the two corporations were, in effect, one entity, service upon the agent of one is service upon the other. Service upon C.T. was by certified mail as provided by Ind. Rules of Procedure, Trial Rule 4.11. Such is sufficient. The fact that C.T. returned the summons and complaint to the clerk is a matter between it and its principal.

Under Issue III, GFC's argument that this court confused adequate service of process with in personam jurisdiction is equally untenable. As cited in our decision, the cases hold that the doctrine applies in both instances, and jurisdiction of the parent can be acquired as well as good service of summons where the subsidiary is wholly controlled and dominated, as here, by the parent.

Petition for rehearing is denied.

RATLIFF, P. J., and ROBERTSON, J., concur.