HOME STATE SAVINGS ASSOCIATION, Plaintiff-Appellee, *v.* RALPH POWELL *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 78-606

Opinion filed June 27, 1979.

J. Edward Jones, of Blue Island, for appellants.

Beverly E. Stanis, Stanley M. Cahn, David E. Muschler, and Kate Daws, all of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Defendant Ralph Powell initiated this action by filing a verified document on January 4, 1978, entitled, "Petition to Vacate the Decree of Foreclosure and Sale Under Section 72 of The Practice Act." It prayed that a default judgment of foreclosure and sale entered on April 7, 1976, in favor of plaintiff Home State Savings, which had been assigned a mortgage on Powell's home, and a subsequent order approving the sheriff's report of sale be vacated. The petition is sparse, but in substance it alleges that Home State Savings did not make a good faith effort or exercise due diligence to serve Powell with summons in the foreclosure action. Instead, Powell states, Home State Savings claimed to have obtained jurisdiction over him by relying on service by publication pursuant to section 14 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 14). The petition explains that Powell stopped making monthly mortgage payments when a payment was returned to him with a notice that he would soon receive instructions regarding where to send future installments and no such instructions were forthcoming. Powell's petition does not state when he first learned of the judgment and sale, and the record does not show when he was informed either personally or by notice of the foreclosure action.

The proceedings in the circuit court were as sparse as the petition. The record does not show the filing of any responsive pleading to Powell's petition by Home State Savings either by way of motion to dismiss or answer; in oral argument before this court Home State's attorney conceded no such pleading had been filed. The only entry in this case between the filing of the petition and the notice of appeal is an order prepared by Home State's attorney and entered on January 19, 1978, providing:

> "This matter coming on to be heard on defendant's motion to vacate Decree of Foreclosure and Sale pursuant to Section 72 of the Civil Practice Act,

It is hereby ordered that defendant's motion be denied."

As a section 72 petition, Powell's pleading leaves much to be desired. It fails to set forth that Powell acted with due diligence because there is no way of determining either from the petition or from the record when Powell first learned of the foreclosure proceeding. The record however does not show that Home State raised the issue of Powell's lack of diligence by any pleading.

■■ Powell, on the other hand, raises by his petition the issue of whether Home State exercised due inquiry and diligence in attempting to personally serve him before resorting to service by publication. Due inquiry and diligence are statutory prerequisites for service by publication. (Ill. Rev. Stat. 1977, ch. 110, par. 14.) Where the efforts to comply with these provisions have been casual, routine, or spiritless, such service is not justified. (*Graham v. O'Connor* (1932), 350 Ill. 36, 182 N.E. 764; *Markham v. Markham* (1977), 50 Ill. App. 3d 1061, 365 N.E.2d 308; *City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 284 N.E.2d 449.) As noted in *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 929, 376 N.E.2d 1029, "* * * service through publication is a concession of the law to the hard circumstances of necessity. * * * 'due inquiry' and 'due diligence' are not intended as useless phrases but are put there for a purpose * * * a perfunctory inquiry does not comply with the provisions of the statute * * *."

■■■ Under our civil procedure, proper service of summons is a necessary element to obtaining jurisdiction over a party. (*Gocheff v. Breeding* (1977), 53 Ill. App. 3d 608, 368 N.E.2d 982.) Thus any judgment rendered under circumstances where this jurisdictional standard has not been fully followed, is void *ab initio* for lack of jurisdiction over the defendant. Even Powell's possible lack of diligence in pursuing relief under section 72 is not material to the resolution of whether the court had jurisdiction over him. Lack of jurisdiction is an issue which can be raised at any time, and a party raising that issue is not strictured by either the time limitations (*Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 376 N.E.2d 748), or the requirement of due diligence to which petitions relying on section 72 of the Civil Practice Act must conform. (*Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288; *Friedman v. Jackson Park Drug Co.* (1974), 19 Ill. App. 3d 968, 312 N.E.2d 801.) Relief from a void judgment is not limited by the provisions of section 72; this is explicitly provided in section 72(6). Even though Powell labeled his petition as a motion to vacate under section 72, we are not precluded from noticing that the petition alleges matters which question whether the court had jurisdiction. Also, *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 674, 357 N.E.2d 180, hold that "a petition attacking a void

judgment is not considered as being brought under section 72, notwithstanding what the parties deem it."

■■ Scanty as Powell's petition is, we believe that he has made a sufficient showing to warrant further consideration of the adequacy of the efforts to serve him with summons in the foreclosure proceeding. This inquiry will enable the circuit court to determine whether it properly obtained jurisdiction over Powell. We are reluctant on as sketchy a record as we have before us, and apparently the circuit court judge had before him, to in effect require Powell to forfeit his home after he made payments on the mortgage for several years prior to the foreclosure. We assume Powell made payments for several years because the note and mortgage are dated July 14, 1966, and the complaint for foreclosure alleges that Powell's delinquencies commenced 9 years later in August 1975. Under these circumstances the least we can expect is for the party seeking to evict Powell through service by publication to file a responsive pleading to his petition.

Accordingly, the order denying Powell's motion is vacated, and this matter is remanded with instructions that Home State Savings Association respond to Powell's petition.

Order vacated and remanded for further proceedings.

McNAMARA and McGILLICUDDY, JJ., concur.