DONNA LEE LaMOTTE *et al.*, Plaintiffs-Appellants, *v.* ANTHONY (MIKE) CONSTANTINE, Defendant-Appellee.

First District (1st Division)    No. 80-483

Opinion filed December 29, 1980.

Paul D. Wenz, of Wenz & Wenz, of Palatine, for appellants.

Byrne & Schrenk, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The trial court granted defendant's petition to vacate a default judgment. Plaintiffs appeal, arguing that the petition did not meet the requirements of section 72 of the Civil Practice Act. Ill. Rev. Stat. 1979, ch. 110, par. 72.

We affirm.

On August 7, 1979, plaintiffs Donna Lee LaMotte and Duane D. LaMotte brought an action against Anthony (Mike) Constantine for

personal injuries and property damage resulting from an automobile collision occurring in Rosemont, Illinois. A default judgment was entered on September 28, 1979.

On October 25, 1979, defendant filed a motion to vacate the default judgment and for leave to file an appearance and answer. A hearing was schedued for November 1, 1979, but defendant failed to appear. His motion was stricken and judgment was ordered to stand.

On December 7, 1979, defendant filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) seeking to vacate the default judgment. Notice of the motion, a copy of the petition, and supporting affidavits were mailed to plaintiffs on November 27, 1979. On January 17, 1980, the trial court vacated the default judgment.

Plaintiffs argue that the trial court abused its discretion in vacating the default judgment. They contend that the petition is devoid of factual allegations supporting the section 72 requirements of due diligence and a meritorious defense.

■■ The petition alleged, in part, that defendant's father, Anthony Constantine, had received the summons, that defendant did not reside with his father, and that defendant was served neither personally nor via abode service. Attached to the petition and referred to therein were affidavits of defendant and his father. Both stated that defendant did not reside with his father since the time of the occurrence and that defendant was a Wisconsin resident. Since these facts are not contradicted by counter-affidavit, they must be taken as true. *People v. Mickow* (1978), 58 Ill. App. 3d 780, 374 N.E.2d 1081; *Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 356 N.E.2d 852.

Section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.2) provides that service of summons may be made by either (1) leaving a copy with defendant personally, or (2) leaving a copy at defendant's usual place of abode with a family member at least 13 years of age, informing them of its contents, and thereafter mailing a copy of the summons to defendant at his usual place of abode. Section 16 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 16) authorizes the same procedure for service upon individuals outside of Illinois.

■■ Here, the service of summons was improper. The petition and affidavits indicate that defendant's usual place of abode was not his father's home. The return of service shows that the summons was left with defendant's father at his father's residence. Plaintiffs therefore did not comply with the above mentioned sections of the Civil Practice Act.

■■ A court acquires jurisdiction over a person only after proper service of summons. (*Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 392 N.E.2d 598; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015.) Because service of

summons was improper in this case, the court below had no jurisdiction to enter the default judgment. A judgment entered without jurisdiction over the defendant is void. (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130; *Marin v. Grimm* (1976), 37 Ill. App. 3d 979, 347 N.E.2d 418.). Relief from a void judgment is not limited by the provisions and requirements of section 72 (*Home State Savings Association v. Powell*), and defendant therefore was not required to allege a meritorious defense and due diligence in his position. Hence, it is not necessary for us to decide whether defendant alleged sufficient facts supporting the requirements.

■■ We further note that although the parties state that the petition was brought pursuant to section 72, we are not precluded from noting the jurisdictional factors in the petition and deciding the appeal on this basis. *Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 392 N.E.2d 598.

While the trial court did not have jurisdiction to enter the default judgment the defendant waived any further jurisdictional objections by filing a general appearance and an answer. (See *Zvonarits v. Vollen* (1978), 64 Ill. App. 3d 958, 382 N.E.2d 18; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 587, 366 N.E.2d 1015, 1019, quoting *City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17, 241 N.E.2d 640, *appeal denied* (1969), 40 Ill. 2d 577.) Therefore, defendant must proceed to trial on this matter.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

O'CONNOR and CAMPBELL, JJ., concur.