*In re* MARRIAGE OF MARY A. PARKS, Petitioner-Appellee, and EDWARD PARKS, Respondent-Appellant.

Second District No. 83—635

Opinion filed March 19, 1984.

Robert E. Burke, of McHenry, for appellant.

Joseph P. Condon, of Condon & Zopp, Ltd., of Crystal Lake, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Respondent, Edward Parks, appeals from an order of the circuit court of McHenry County denying his motion to vacate a judgment for dissolution of marriage. On appeal, he asserts that the judgment was void because neither party was domiciled in Illinois for the 90 days next preceding the court's findings, that the validity of the judgment was subject to attack by motion and that dismissal of the petition for dissolution of marriage was required due to the petitioner's failure to qualify as a current resident of Illinois.

The parties were married in 1969, and on February 8, 1982, the petitioner filed for dissolution of marriage in the circuit court of McHenry County. The petition gave the address of each party as 3512 First Avenue, McHenry, McHenry County, Illinois, and alleged that each had resided in Illinois more than 90 days prior to the filing of the petition. Attempts to serve respondent in both McHenry and Cook counties were unsuccessful, as the sheriff in each county was unable to locate him. Subsequently, respondent was given notice by publication of the pending proceeding. After he failed to appear, he was de-

faulted and on June 8, 1982, a judgment for dissolution of marriage was entered. That judgment dissolved the marriage and awarded petitioner custody of the three children.

The court deferred the issues of maintenance and child support "until personal jurisdiction of EDWARD PARKS has been obtained." No disposition was made of the parties' marital property and debts.

On May 27, 1983, respondent filed a special and limited appearance and a motion to vacate judgment and dismiss petition. The latter pleadings challenged the prior judgment as void, alleging three grounds in support: that the respondent had never been served, that the judgment failed to make the requisite finding of domicile required by law and that the petitioner was not then a resident of Illinois, therefore failing to meet "the present jurisdictional requirements." The motion was accompanied by an affidavit in which it was stated that the petitioner had left Illinois on February 20, 1982, with no intention to return, enrolling her children in school in Florida. The affidavit further stated that the petitioner had licensed her car in Florida, acquired a Florida teaching certificate, divested herself of all personal property in Illinois and informed the respondent on numerous occasions that she would not return to Illinois. As of April 1983, the petitioner's address was in Ruskin, Florida.

After a hearing, the court decided that its prior judgment was not void for want of jurisdiction and that it was not open to attack on a motion. The respondent's motion to vacate was accordingly denied.

Two issues are presented for review: (1) whether the judgment of dissolution of marriage was subject to attack by motion, and (2) whether the trial court's failure to make specific findings on the question of the parties' domicile rendered its judgment void for want of subject-matter jurisdiction.

Initially, we note that this court has jurisdiction. See *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581.

The respondent maintains that the court's jurisdiction to enter the judgment dissolving his marriage was a matter properly raised by motion in the trial court, even after almost a year had elapsed following its rendition. He claims that the court had authority to entertain motions in the cause since the judgment was not final and, in any event, since motions are permissible methods of attacking a judgment collaterally for lack of jurisdiction.

As to the question of finality, the supreme court has recently observed that a petition for dissolution of marriage advances only a sin-

gle claim and that the various issues typically presented in such a case are merely questions ancillary to the cause of action. "Practically speaking, then, until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated." (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.) Respondent claims that the judgment of June 8, 1982, was not final in view of its failure to dispose of all issues presented by the dissolution petition. He contends that it was therefore proper for him to proceed in the cause by way of motion.

In the case at bar, the trial court's reservation of questions involving the distribution of marital property, maintenance and child support resulted from its lack of personal jurisdiction over respondent and was consistent with section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 401(3)): "Such judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property." (A further portion of this section was found unconstitutional in *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, but that ruling did not affect the quoted language from section 401(3) which is here at issue.) As the supreme court pointed out in *Cohn*, it is appropriate for a court to enter a judgment for dissolution while reserving other issues where the court lacks *in personam* jurisdiction over the respondent. (93 Ill. 2d 190, 199.) The trial court was thus justified in entering judgment of dissolution while reserving other questions until personal jurisdiction over the respondent had been obtained.

It has been held that judgments for dissolution reserving questions for later determination are not final appealable orders. (*In re Marriage of Lentz* (1980), 79 Ill. 2d 400; *In re Marriage of Peterson* (1980), 85 Ill. App. 3d 520; *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580.) None of those cases, unlike the one at bar, involved a situation where *in personam* jurisdiction over the respondent was lacking and the court had adjudicated all matters presented by the petition to the extent of its jurisdiction. In the latter situation, where all issues within the court's *in rem* jurisdiction have been resolved, where the law authorizes the court to reserve the remaining issues and where it is uncertain the court will ever acquire the requisite *in personam* jurisdiction to proceed further, we conclude that the judgment was final and appealable when rendered. Notwithstanding the teaching of *Leopando*, the trial court in such circumstances will have acted insofar as it legally may. The public policy against fragmenta-

tion of litigation and the fostering of piecemeal appeals will not be significantly served by denying such judgments finality. We therefore conclude that the judgment of June 8, 1982, was a final order.

■ Although the judgment of dissolution was final when rendered, respondent was entitled to challenge the court's jurisdiction by way of motion. A pleading attacking a judgment for lack of personal jurisdiction due to defective service is not restricted to the requirements of the provisions of the Code of Civil Procedure relating to relief from judgments (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329; *LaMotte v. Constantine* (1980), 92 Ill. App. 3d 216.) It is immaterial whether the moving party deems himself to be proceeding under section 2—1401, for a default judgment against a party who has not been properly served and has not entered an appearance is void for want of jurisdiction. (*First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901.) Appellate authorities in Illinois have recognized that void judgments may be set aside upon motion, even if more than 30 days have expired since their rendition. (*Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581; *Alexander v. Burke* (1972), 6 Ill. App. 3d 919.) It was therefore appropriate for the respondent to raise the question of the judgment's asserted invalidity by way of motion.

Having determined that the respondent employed a permissible procedural vehicle to attack the judgment, it must next be ascertained whether his motion to vacate was properly denied. He contends in this regard that the trial court lacked the jurisdiction originally to enter a judgment for dissolution of marriage when neither party was domiciled in Illinois for 90 days next preceding the making of findings. He further claims that since the petitioner is not now a resident of Illinois, the trial court was required upon his motion to dismiss her petition.

The controlling statute at the time this proceeding commenced (Ill. Rev. Stat. 1981, ch. 40, par. 401(1)) required that one of the parties to the dissolution proceeding have been domiciled in Illinois at the time the action was commenced and that the domicile have been maintained "for 90 days next preceding the making of the findings." (*Cf. Rosenshine v. Rosenshine* (1978), 60 Ill. App. 3d 514 (construing Ill. Rev. Stat. 1975, ch. 40, par. 3, whereunder "residence" rather than "domicile" was required); Ill. Rev. Stat., 1982 Supp., ch. 40, par. 401(1), effective July 1, 1982 (reinstating the concept of residence in place of domicile).) Domicile of a party for the time provided is necessary to confer subject-matter jurisdiction upon the court. (*In re Mar-*

*riage of Gryka* (1980), 90 Ill. App. 3d 443.) "Although the 90 day period is intended to be continuous, 'the party need not remain physically present throughout the 90 day period, so long as he has acquired no new domicil [*sic*].' " Ill. Ann. Stat., ch. 40, par. 401, Historical and Practice Notes, at 103 (Smith-Hurd 1980), quoting 9A Uniform Laws Annotated, Uniform Marriage and Divorce Act sec. 302(a)(1), Commissioner's Comment, at 122 (1979). Accord, *In re Marriage of Goldstein* (1981), 97 Ill. App. 3d 1023.

The sole issue raised by respondent regarding the court's jurisdiction is that the judgment for dissolution of marriage recites only that "Petitioner was a resident of the State of Illinois and County of Mc-Henry for ninety (90) days continuously and immediately preceding the filing of her Petition." Respondent does not specify the deficiencies he perceives in this finding, but it may be that he deems it insufficient on the issue of petitioner's domicile, or that he believes the judgment should have specified that her domicile existed for 90 days next preceding the entry of findings. (Respondent does not assert that any finding by the court in the dissolution proceeding concerning the petitioner's domicile was against the manifest weight of the evidence, or that it was error for the court to deny without an evidentiary hearing his motion to vacate and dismiss. We, therefore, do not reach these questions.)

■ The respondent places principal reliance upon *Rosenshine v. Rosenshine* (1978), 60 Ill. App. 3d 514, but the issue in that case was whether the lower court's finding of domicile was against the manifest weight of the evidence. That case does not hold that a judgment dissolving a marriage is void when the court's order fails to make written findings on the question of residence or domicile in the terms of the statute. In response, the petitioner relies on *West v. West* (1979), 76 Ill. 2d 226, *Schubert v. Schubert* (1978), 66 Ill. App. 3d 29, and *Smith v. Smith* (1977), 47 Ill. App. 3d 583. In each of those cases, the issue was whether the court's judgment adequately reflected that grounds for divorce existed. In each instance it was held that the requisite finding was implicit in the judgment awarding divorce, and that no special findings were required as to each element of the grounds. Similarly here, although the court's judgment did not repeat each element of the requirements for domicile provided by statute, it did state that the court had jurisdiction over the parties and the subject matter. Since the court thereby implicitly found that it possessed jurisdiction in the matter, specific findings on each aspect of that jurisdiction were unnecessary.

Finally, the respondent asserts that in view of the petitioner's

present residence in Florida, the trial court erred in failing to dismiss her petition. Petitioner's concern in this regard is apparently not that the court might proceed to litigate the questions of maintenance and child support which had previously been reserved, but rather that the court should not proceed further on the petition for dissolution once the former judgment is vacated. We have determined, however, that *vacatur* of the judgment is not required. With respect to the judgment for dissolution itself, we agree with petitioner that her residence at the time respondent presented his motion to vacate is simply not material to the question of whether the court had subject-matter jurisdiction to enter that judgment in the first instance.

For the reasons stated, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.