MARK J. CONTRERAS *et al.*, Plaintiffs-Appellants, v. CITIBANK (South Dakota) *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—88—3088

Opinion filed May 18, 1990.

Onesto, Giglio, Meltreger & Associates, of Chicago, for appellants.

O'Connor & Schiff, of Chicago, and Donald S. Rothschild, of Oak Park, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs Mark J. Contreras, Donna A. Contreras and Robert Schmidt brought a class action against defendants Citibank (South Dakota), Wilk & Waller, Randy Kadet, Scott Marks, Marilyn Kadet and Accurate Process Service, alleging fraudulent conduct relating to the collection, in separate proceedings, of delinquent credit card accounts. The trial court dismissed the complaint on the basis that it had no jurisdiction to declare the collection judgments void in this proceeding. Plaintiffs contend on appeal that the trial court had jurisdiction to declare the judgments void; that the court-appointed process servers acted under color of law; that plaintiffs sufficiently pled conspiracy; that they sufficiently pled fraud and a violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*); that there is a private right of action under the false affidavit of service statute and the wrongful wage deduction statute; and that they sufficiently pled negligent hiring.

The complaint alleges that the Contrerases held accounts with Citibank, and incurred debts to Citibank, which initiated collection actions on April 21, 1987, in the municipal division under the case name Citibank v. Contreras. The complaint further alleges that on May 27, 1987, the sheriff of Cook County returned the summons with an affidavit stating he was unable to serve the Contrerases.

On June 29, 1987, Wilk & Waller, a private process server acting on behalf of Citibank, had the clerk of the court issue an alias summons with a return date of August 11, 1987. It also set for hearing on July 13, 1987, an *ex parte* motion for appointment of Randy Kadet as

special process server. Subsequently, Kadet prepared a false affidavit of service indicating he made substitute service on a Ms. Contreras, a female Hispanic, approximately 30 years of age, at 2300 North Mango, Chicago, on July 13, 1987, at 7:27 p.m. Marilyn Kadet notarized the affidavit, dated July 13, 1987. Randy Kadet returned the affidavit and alias summons to Wilk & Waller. On July 2, 1987, Wilk & Waller filed the papers, which showed the false service date of July 13, 1987, with the clerk of the court.

On July 13, 1987, the court appointed Randy Kadet as special process server. On August 11, 1987, a default was entered against the Contrerases. On August 25, 1987, judgment was entered against them on the default in the amount of $1,350.95 plus costs. On September 1, 1987, Wilk & Waller filed an affidavit for a wage deduction order, and the clerk of the court issued a wage deduction summons to Mark Contreras' employer, the United States Post Office. On October 30, 1987, the employer withheld his wages.

In regard to Robert Schmidt, Wilk & Waller filed an action against him on behalf of Citibank on January 13, 1987, for collection of the balance outstanding on a VISA account. On February 23, 1987, the sheriff of Cook County returned the summons with an affidavit stating he could not serve it. On March 25, 1987, Wilk & Waller had the clerk of the court issue an alias summons with a return date of May 5, 1987. On April 3, 1987, Wilk & Waller set for hearing on April 10, 1987, an *ex parte* motion for appointment of Randy Kadet as special process server.

Subsequently, Kadet prepared a false affidavit of service indicating he made substitute service on a Mr. Schmidt, a white male, approximately 35 years of age, at 4304 North Francisco, Chicago, on April 10, 1987, at 6:05 p.m. Marilyn Kadet notarized the affidavit and dated it April 10, 1987.

At 11:20 a.m. on April 10, 1987, Wilk & Waller filed the alias summons and false affidavit with the clerk of the court. At 1:45 p.m. that day, Wilk & Waller had the court appoint Kadet as special process server.

On May 5, 1987, a default was entered against Schmidt. On May 19, 1987, judgment was entered on the default in the amount of $1,711.40 plus costs. On May 27, 1987, Wilk & Waller filed an affidavit for wage deduction order. The court issued a wage deduction summons to Schmidt's employer, the Chicago Park District, returnable on August 26, 1987.

The record includes a July 10, 1987, release of judgment filed by Wilk & Waller for Citibank, stating it had "received full satisfaction

and payment" from Schmidt. On August 18, 1987, a stipulation to dismiss the garnishment was filed. On August 26, 1987, conditional judgment was entered against the Chicago Park District in the amount of $1,821.76. Schmidt does not allege in either complaint that his wages were ever in fact garnished.

Plaintiffs' motion for leave to take discovery on the class stated that in reviewing 300 of the 1,500 collection cases filed in Cook County in 1987 by Wilk & Waller on behalf of Citibank, they discovered 34 cases in which the affidavit of service was filed on a date and time well in advance of the date and time of purported service.

In Citibank v. Contreras, on September 24, 1987, pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e)), the Contrerases filed a motion to vacate the judgment entered against them on August 25, 1987. A hearing on the motion to vacate was set for October 1, 1987, and was continued to October 15. The Contrerases also filed a special and limited appearance, a motion to quash service of summons, and a petition for a rule to show cause on the private process server under section 2—203 of the Code of Civil Procedure.

On October 13, 1987, the Contrerases moved for leave to withdraw the petition for a rule to show cause and filed an amended motion to quash. On October 15, 1987, at 1:18 p.m., they filed the present suit in the chancery division.

On the same day, at 2 p.m., the Contrerases appeared in the municipal division regarding Citibank v. Contreras and offered to pay Citibank the outstanding balance in full, as settlement and release of the Citibank v. Contreras action. Citibank accepted payment on the same day. The Contrerases then tendered a typewritten agreed order dismissing Citibank v. Contreras and withdrew all previously filed motions in that case.

Defendants in the present suit filed a motion to strike and dismiss all counts of the complaint. On December 2, 1987, Wilk & Waller filed a motion to disqualify plaintiffs' attorney and a motion to dismiss based on the argument that on October 1, 1987, the Contrerases submitted to the jurisdiction of the municipal division in Citibank v. Contreras, and later settled the suit, and were therefore disqualified as representatives of the class.

On January 27, 1988, an order was entered stating that the "court *sua sponte* dismissed plaintiffs' complaint." The court found it had no jurisdiction to vacate the judgments in the underlying actions and declare them void. The court stated:

"While certain issue[s] are asserted which relate to jurisdiction,

they relate to jurisdiction by means of perpetuating the fraud. Moreover, this is not a Court of Appeals, and neither party has addressed the propriety of a collateral attack on the judgments obtained in the Municipal Court. This Court concludes, therefore, that the plaintiff is not barred from asserting the facts presented as they related to the scheme of fraud, but the plaintiffs cannot ask this court to vacate the judgments in the Municipal Court or declare them void. The remedy, therefore, is dismissal pursuant to the Illinois Code of Civil Procedure, section 2—615, with leave to amend. This Court will dismiss the complaint *sua sponte* pursuant to 2—615."

On March 29, 1988, the court denied plaintiff's motion for reconsideration, finding that a section 2—1401 petition for relief from judgment should have been filed in the same proceeding in which the order of judgment was entered. The court stated: "In dismissing this matter previously, this court made clear that it's not to be substituted as a court of review. That is not its proper role."

In this class action, count I of the original complaint sought a declaratory judgment pursuant to section 2—701 (Ill. Rev. Stat. 1987, ch. 110, par. 2—701), declaring the default judgments void. Count II alleged conspiracy to violate civil rights by summarily denying due process of law and notice of the collection suits, in violation of 42 U.S.C. section 1983 (1986). Count III alleged a violation of the class members' civil rights. Count IV alleged common law fraud. Count V alleged a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Count VI alleged an implied cause of action under section 2—203 (Ill. Rev. Stat. 1987, ch. 110, par. 2—203(c)). Count VII alleged a private cause of action under section 12—817 (Ill. Rev. Stat. 1987, ch. 110, par. 12—817). Count VIII alleged negligent hiring and failure to supervise. All counts sought a return of all moneys obtained as a result of the void judgments, plus compensatory and punitive damages.

On April 12, 1988, plaintiffs filed an amended complaint excluding count I, which sought a declaration in chancery that multiple municipal judgments were void. Each defendant filed a motion to strike and dismiss the first amended complaint.

On July 26, 1988, the first amended complaint was dismissed with leave to amend. The court addressed each count in the amended complaint. As to counts I and II, the court found plaintiffs failed to sufficiently allege State action. Counts III and IV alleging fraud were deficient because they failed to sufficiently allege defendants' intent that plaintiffs rely on their misrepresentations, and failed to plead dam-

ages. Count V was dismissed because there was no separate cause of action under section 2—603. Count VI was dismissed because section 12—208 could not be used where plaintiffs admitted their indebtedness to Citibank. Count VII alleging negligent hiring and supervision contained only conclusory statements and insufficient facts. The court then stated its alternative reason for dismissing the complaint:

> "Although plaintiffs argue otherwise, this court has determined that by way of the nature of the relief prayed for, returning sums obtained through the 'void' judgments, plaintiff continues to ask this court for relief which it is not empowered to grant. That is a determination that the default judgments rendered in the municipal division are void. This is akin to vacating the judgments. *** Once more, *** I am going to grant you the right to file a second amended complaint to see if you can meet muster. This case, if you can meet muster, should be transferred to the court of original jurisdiction wherein the judgments were entered."

On December 1, 1988, plaintiffs chose to stand on the amended complaint, and the court allowed the election to stand as to count I of the original complaint and as to all counts in the first amended complaint.

Plaintiffs contend that the chancery division of the trial court erred in concluding it had no power to vacate or declare void a judgment of the municipal division. Plaintiffs maintain the judgments in the underlying actions are void and that void judgments are subject to collateral attack at any time, in any court. Plaintiffs argue that the judgments are void because there was no personal jurisdiction, since they were never actually served, and because the judgments were procured through fraud.

Everything in this action is based on the judgments entered in the underlying suits. Plaintiffs seek to have those judgments declared void. Each count in their complaint asks for relief involving those judgments. The complaint seeks to compel Citibank and Wilk & Waller to return any money obtained as a result of "said void judgments," and award the class $2,500,000 in compensatory damages and $5 million in punitive damages. The trial court properly explained that "plaintiffs paid the judgment voluntarily [in one court] yet seek to recoup the funds paid by having the judgment declared void" in another court. The record shows that the Contrerases paid the debt to defendant in full. The July 10, 1987, release of judgment for Schmidt's debt states that "full satisfaction and payment" was made to defendant. The trial court noted at the January 27, 1988, hearing

on the motion to dismiss the complaint that as to Schmidt, "[j]ust like in the Contreras situation, a default judgment and wage garnishment followed, although the garnishment was dismissed on August 18, 1987." At the July 26, 1988, hearing on the motion to dismiss the first amended complaint, the court stated that the "named plaintiffs have excluded themselves from the return of any monies by Citibank and Wilk and Waller because they negotiated a settlement of Citibank's claim against them."

The simple answer is that plaintiffs should have made that attack in the underlying suits instead of bringing this separate action. Instead, the municipal division heard the Contrerases' (defendants in that case) motion to vacate the default judgment. The court repeatedly asked plaintiffs' counsel if there was a meritorious defense. Counsel refused to answer the question, insisting that the only question was whether the service of process affidavits were false. The court continued the case to permit plaintiffs to offer some proof that the affidavits were false. Instead, the Contrerases voluntarily paid the judgment. Schmidt's judgment was also paid, and he has alleged no meritorious defense.

■ Relief from a judgment entered in the trial court may be obtained under either section 2—1301(e) of the Code of Civil Procedure (within 30 days of entry of judgment), or under section 2—1401 of the Code of Civil Procedure (after 30 days but before two years have passed). (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1301(e), 2—1401.) Moreover, where a party seeks to contest personal jurisdiction, he must enter a special and limited appearance under section 2—301 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—301.) This special appearance may be made after a judgment has been entered, thereby rendering the judgment void. *LaMotte v. Constantine* (1980), 92 Ill. App. 3d 216, 416 N.E.2d 23; *Washington v. Clayter* (1980), 91 Ill. App. 3d 489, 414 N.E.2d 1085.

■ Here, plaintiffs appeared in the underlying actions, and entered into settlement agreements, and the court released them from the default judgments. On October 15, 1987, the Contrerases filed the present suit attacking and seeking relief from the underlying judgment. Less than an hour later, in the municipal division they opted to abandon their motion to vacate under section 2—1301, and entered an agreed order of settlement. In effect, the three named plaintiffs asked the chancery division to review the municipal division's action. We find no law permitting such a review.

Plaintiffs are not seeking to enforce the judgments in the underlying suits. Instead, they are seeking to sidestep the municipal divi-

sion's decisions in regard to the default judgments by going over to chancery as an alternate forum. Plaintiffs' attempt to rely on collateral attack here is merely forum shopping, which is not permitted under the law. Ill. Rev. Stat. 1987, ch. 110, par. 2—1002; *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 446 N.E.2d 242.

Thus, we agree with the trial court's interpretation of the scope of collateral attack. Plaintiffs may not use collateral attack to circumvent the requirements of sections 2—1301, 2—1401 and 2—301 of the Code of Civil Procedure. The chancery division was without power to vacate the municipal division's judgments.

In view of our holding, it is unnecessary to address plaintiffs' arguments that the various counts of the complaint were not subject to dismissal under section 2—615.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and RAKOWSKI,* JJ., concur.

---

*Justice William Quinlan participated in the above entitled cause prior to his resignation. Justice Thomas Rakowski was designated the third member of the panel and has read the briefs and listened to the tapes of oral argument.