(No. 89522.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PHILLIP HARVEY, Appellant.

*Opinion filed June 21, 2001.*

446

McMORROW, J., joined by FREEMAN, J., specially concurring.

FITZGERALD and GARMAN, JJ., joined by THOMAS, J., also specially concurring.

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant, and Phillip Harvey, of Canton, appellant *pro se*.

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and William L. Browers, Kristen L. Hopkins and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Champaign County in 1985, defendant was found guilty of armed robbery (Ill. Rev. Stat. 1983, ch. 38, par. 18—2(a)) and sentenced to an extended term of 45 years' imprisonment based on a previous conviction for attempted murder. The circuit court's judgment was affirmed on direct review. *People v. Harvey*, 140 Ill. App. 3d 1151 (1986) (unpublished order under Supreme Court Rule 23). A post-conviction petition challenging the judgment was subsequently rejected. *People v. Harvey*, 190 Ill. App. 3d 1112 (1989) (unpublished order under Supreme Court Rule 23).

Defendant has now filed a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—

1401 (West 1998)), challenging his extended-term sentence on the grounds that it is void. The circuit court rejected defendant's challenge, and the appellate court affirmed. No. 4—99—0073 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we now affirm the judgment of the appellate court.

In undertaking our review, we begin by noting that there is no issue as to defendant's right to seek redress by means of a section 2—1401 petition. Section 2—1401 provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from their entry. Although a section 2—1401 petition is usually characterized as a civil remedy, its remedial powers extend to criminal cases. *People v. Haynes*, 192 Ill. 2d 437, 460-61 (2000).

As a general rule, a petition for relief from judgment under section 2—1401 must be filed within two years after entry of the judgment being challenged. 735 ILCS 5/2—1401(c) (West 1998). A section 2—1401 petition filed beyond the two-year period will not normally be considered. *People v. Caballero*, 179 Ill. 2d 205, 210 (1997). An exception to the two-year period has been recognized where a clear showing has been made that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed. *Caballero*, 179 Ill. 2d at 210-11. A person may also seek relief beyond section 2—1401's two-year limitations period where the judgment being challenged is void. *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309-10 (1986); see *In re Marriage of Steinberg*, 302 Ill. App. 3d 845, 856 (1998). In addition, section 2—1401's limitations period may be waived by the opposing party. *People v. Ross*, 191 Ill. App. 3d 1046, 1053 (1989).

Because the defendant in this case is challenging his extended-term sentence on the grounds that it is void, the State has conceded that section 2—1401's two-year

limitations period is inapplicable. Here, as in the appellate court, it has not attempted to invoke that deadline as a barrier to defendant's petition. We shall therefore proceed to address defendant's claims on the merits.

In imposing sentences, trial courts must adhere to statutory requirements. If a trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is void. See *People v. Rankin*, 297 Ill. App. 3d 818, 822 (1998). Accordingly, the extended-term portion of a criminal sentence is subject to challenge and cannot stand where the requirements of the extended-term sentencing statute have not been met. See *People v. Pittman*, 316 Ill. App. 3d 245, 253 (2000). Defendant contends that this is such a case.

The extended-term sentence challenged here was imposed by the circuit court pursuant to section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2) based on its findings that the factors in aggravation set forth in section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3.2(b)(1)) were present. The aggravating factors set forth in section 5—5—3.2(b)(1) exist when a defendant has been "convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3.2(b)(1).

The felony for which defendant was convicted and for which he was sentenced to the extended term was armed robbery. At the time he received the extended-term sentence, defendant had previously been convicted of attempted murder. That conviction, dating to 1974, was also a felony. There is no dispute that both convictions took place in Illinois and occurred within 10 years of

each other, excluding time defendant spent in custody. There is likewise no dispute that the charges underlying the convictions were separately brought and tried and arose out of different series of acts. Defendant's challenge to his extended-term sentence turns solely on the question of whether attempted murder can be regarded as "the same or greater class felony" as armed robbery.

At the time defendant committed attempted murder, the offense was classified as a Class 1 felony for sentencing purposes. See Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(1). So was armed robbery. Ill. Rev. Stat. 1973, ch. 38, par. 18—2(b). By the time defendant had committed the armed robbery for which he received the extended term, the Criminal Code of 1961 had been amended. For purposes of sentencing, attempted murder was no longer considered a Class 1 felony. It was now a Class X felony. Ill. Rev. Stat. 1983, ch. 38, par. 8—4(c)(1); *People v. Zuniga*, 99 Ill. App. 3d 396, 401-02 (1981). The same was true, however, of armed robbery. It was also reclassified as a Class X felony. Ill. Rev. Stat. 1983, ch. 38, par. 18—2(b). The relative severity of the offenses thus remained unchanged. For purposes of sentencing, both offenses were still of the same class. That being so, the requirements of the extended-term sentencing provisions were satisfied.

Defendant challenges this conclusion by arguing that the classification of his attempted murder conviction should be determined in accordance with the law as it existed at the time he committed that offense. In his view, the reclassification should be disregarded. Similar claims were advanced by other defendants in the wake of the legislature's reclassification of offenses in 1978. They were properly rejected by the appellate court then (see *People v. Tipton*, 207 Ill. App. 3d 688, 703-04 (1990); *People v. Butler*, 78 Ill. App. 3d 809, 814-18 (1979)), and they were properly rejected by the appellate court here.

The change in the law did not affect the elements of the crime, and the relative severity of attempted murder was correctly assessed by the circuit court in accordance with the law as it existed after that offense was reclassified.

How defendant's attempted murder conviction should be classified for purposes of the extended-term sentencing rules is not affected by this court's recent decision in *People v. Olivo*, 183 Ill. 2d 339 (1998). In contrast to the present case, *Olivo* had nothing to do with the effect of statutory reclassification on offenses which were and remained of the same relative severity. The prior convictions in *Olivo* were less severe than the conviction for which the extended term was imposed. They had merely drawn enhanced sentences. Because enhancement of a sentence does not operate to elevate the class of the crime for which the sentence is imposed, the defendant in *Olivo* could not be said to have been previously convicted "of the same or greater class felony" within the meaning of section 5—5—3.2(b)(1). That case is therefore inapposite.

As an alternative basis for attacking the lower courts' judgments, defendant argues that using his 1974 attempted murder conviction as an aggravating factor to support imposition of an extended term for his subsequent armed robbery conviction contravenes the federal and state constitutional prohibitions against *ex post facto* laws (U.S. Const., art. I, § 10; Ill. Const. 1970, art. I, § 16). The prohibition against *ex post facto* laws bars a state from enacting legislation that " 'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.' " (Emphasis omitted.) *Collins v. Youngblood*, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 38, 110 S. Ct. 2715, 2719 (1990), quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648, 650 (1798). Defendant contends that the statutory reclassification of his attempted murder conviction from a Class 1 to a Class X felony offends that prohibition

because, in light of the extended-term sentencing provisions, it had the effect of subjecting him to a more serious punishment for attempted murder than would have been possible when he committed the crime.

There are two flaws in this argument. First, it fails to appreciate that the particular classification a felony carries has no importance, in and of itself, for purposes of applying the extended-term sentencing provisions. As our discussion has suggested, the critical inquiry in determining whether those sentencing provisions are applicable is the relative severity of the offenses. The offenses at issue here retained their same relative severity. Before reclassification they were both regarded as Class 1 felonies. After reclassification they were both regarded as Class X felonies. There was no change in the elements of the offenses, and there was never a time when attempted murder was considered to be less serious than armed robbery. Reclassification thus had no effect on defendant's eligibility for an extended term.

The second, and equally fundamental, flaw in defendant's argument is that it assumes that the enhanced punishment defendant received is attributable to his attempted murder conviction. It is not. Defendant's subsequent conviction for armed robbery is what drew the enhanced sentence. His punishment for the attempted murder conviction remained the same. Defendant's prior conviction for attempted murder merely served as a factor in aggravation at the sentencing hearing for defendant's subsequent armed robbery conviction. Under such circumstances, our court has specifically held that no *ex post facto* concerns are present. *People v. Dunigan*, 165 Ill. 2d 235, 242-43 (1995).

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE McMORROW, specially concurring:

I write separately to respond briefly to the concerns raised in the concurring opinions of Justice Fitzgerald and Justice Garman. Both concurring opinions conclude that a motion attacking a void judgment is not properly brought under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)).

Paragraph (f) of section 2—1401 states: "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—1401(f) (West 1998). The concurring opinions read paragraph (f) as excluding motions to vacate void judgments from the purview of section 2—1401. Both opinions stress that void judgments may be attacked at any time and in any court but then conclude that such a motion may be brought as some type of "freestanding" action. Neither opinion indicates under what statutory provision, rule of court, or common law procedure such a motion may be brought.

In my view, paragraph (f) of section 2—1401 does nothing more than state that a motion attacking a void judgment need not meet the requirements applied to other post-judgment motions brought under section 2—1401. In other words, a post-judgment motion seeking relief on the basis that the judgment is void is not bound by the two-year limitation but, rather, may be brought at any time and does not require allegations of a meritorious defense or a showing of due diligence. Contrary to the views of the concurring justices, I do not interpret paragraph (f) as affirmatively excluding motions to vacate void judgments from being brought under section 2—1401.

Moreover, I note that section 2—1401(a) expressly abolishes the old common law writs and equitable remedies that would have provided the procedural vehicle

for attacking a void judgment at common law. As section 2—1401(a) states:

"Writs of error coram nobis and coram vobis, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, *by proceedings hereunder*, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered." (Emphasis added.) 735 ILCS 5/2—1401 (West 1998).

See also Ill. Ann. Stat., ch. 110, par. 2—1401, Joint Committee Comments [1955] and Historical & Practice Notes, at 602-10 (Smith-Hurd 1983).

I read section 2—1401, similar to Rule 60 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 60), as replacing traditional collateral proceedings as the proper vehicle for attacking void judgments. See *Malone v. Cosentino*, 99 Ill. 2d 29, 33 (1983) (final judgments can only be attacked on direct appeal, or in one of the traditional collateral proceedings now defined by statute).

Further, although the concurring justices agree on the merits of the case at bar, the justices do not identify the means by which this court exercises appellate jurisdiction. In this case, defendant challenged the extended-term portion of his criminal sentence, claiming the requirements of the extended-term sentencing statute had not been met. The trial court's ruling, upholding defendant's sentence against the challenge for voidness, might be viewed as a final and appealable order. In other cases, however, depending upon the underlying basis for the claim of voidness, the judgment entered may, or may not, be a final and appealable order. In this second class of cases, if the motion to vacate a void judgment is not viewed or utilized as a section 2—1401 motion, there is no vehicle for finding appellate jurisdiction. While this court might exercise its supervisory authority

to gain jurisdiction, the appellate court cannot. See Ill. Const. 1970, art. VI, § 16.

In light of these concerns, I believe the better course of action is simply to recognize that a motion for relief from a void judgment may be brought under section 2—1401 of the Code of Civil Procedure. This clarifies the basis of jurisdiction and provides the procedural mechanism for exercising the principle of law with which every member of this court agrees, *i.e.*, that a motion attacking a void judgment may be brought at any time.

JUSTICE FREEMAN joins in this special concurrence.

JUSTICE FITZGERALD, also specially concurring:

I agree with the majority that the judgment of the appellate court, rejecting defendant's challenge to his extended-term sentence, should be affirmed. To the extent this opinion holds, however, that section 2—1401 is a proper vehicle to attack a void judgment even after the two-year limitation period has expired, I disagree.

As noted by the majority, section 2—1401 of the Code of Civil Procedure provides a method to attack final judgments or orders after 30 days of the entry of judgment. 735 ILCS 5/2—1401 (West 1998). The language contained in section 2—1401 is clear: a petition for relief must be filed not later than two years after the entry of the order or judgment. 735 ILCS 5/2—1401(c) (West 1998). Section 2—1401 by its express language relaxes this limitation period only if the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed. 735 ILCS 5/2—1401(c) (West 1998). Contrary to the view expressed by the majority, section 2—1401 does not also relax this limitation period if the petitioner

attacks the judgment on the basis that it is void.[1] This exception is absent from the language of the statute. When statutory language is clear it must be given effect—it is not proper to depart from the plain language by reading into the statute exceptions not expressed by the legislature. *People v. Wright*, 194 Ill. 2d 1, 29 (2000). Moreover, this exception is unnecessary. Section 2—1401 does not provide an obstacle for parties who seek redress from void judgments beyond the two-year limitation. Rather, "[n]othing contained in [section 2—1401] affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—1401(f) (West 1998).

Citing to this court's opinion in *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309-10 (1986), the majority states that, "there is no issue as to defendant's right to seek redress by means of a section 2—1401 petition." 196 Ill. 2d at 447. In *R.W. Sawant*, an order of default was entered against the defendant on the underlying and third-party complaints. Within four months of the order, the defendant entered a special and limited appearance and a motion to quash the service of summons of both complaints. This court considered whether the defendant used the "proper vehicle" to contest jurisdiction. *R.W. Sawant*, 111 Ill. 2d at 309. The plaintiff and third-party plaintiff characterized the

---

[1]The majority also states that the "limitations period may be waived by the opposing party." 196 Ill. 2d at 447, citing *Ross*, 191 Ill. App. 3d 1046, 1053 (1989). In *Ross*, the appellate court held that section 2—1401 codifies a common law remedy and, therefore, "the statute is procedural and may be waived." *Ross*, 191 Ill. App. 3d at 1053. This court has never directly addressed whether section 2—1401 codifies a common law remedy or creates a new cause of action rendering the limitations period jurisdictional and not subject to waiver. I do not express an opinion on the issue of whether the two-year limitation period in section 2—1401 is procedural or jurisdictional.

defendant's jurisdictional attack as a collateral attack on the circuit court's judgment under section 2—1401. Plaintiffs argued that the defendant, however, had failed to satisfy the due diligence requirement contained in section 2—1401. We concluded that section 2—1401 did not govern the defendant's jurisdictional attack:

> "We note initially that *'[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties* or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, *is void, and may be attacked at any time or in any court, either directly or collaterally.'* (Emphasis added.) [Citations.] A defendant, therefore, can properly challenge a court's jurisdiction after a default judgment or order is entered.

> \*\*\* A defendant who is contesting personal jurisdiction is not 'strictured by either the time limitations or the requirement of due diligence to which petitions relying on' section 2—1401 must conform. *Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 917. (*Home State Savings* cited section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72); this section became section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401)).

> As the appellate court correctly pointed out in this case, 'section 2—1401, which provides relief from default judgments, \*\*\* does not affect a party's right to seek relief from a void order or judgment by any other method. See Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(f).' [Citation.]

> [The defendant] chose one method of attacking the personal jurisdiction of the Illinois courts. Although the method [the defendant] chose may not be the most used or the one most favored, it was nonetheless permissible and proper." *R.W. Sawant*, 111 Ill. 2d at 309-10.

Thus, *R.W. Sawant* did not create an exception to the two-year limitation period.

As in *R.W. Sawant*, the defendant's right to seek relief does not depend on whether he satisfies the requirements contained in section 2—1401. A party may attack a void judgment at any time in a motion separate and apart from a section 2—1401 petition. *R.W. Sawant*,

111 Ill. 2d at 310; *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112 (1976); *Barnard v. Michael*, 392 Ill. 130, 135 (1945); see *State Bank v. Thill*, 113 Ill. 2d 294, 308-09 (1986); *Cavanaugh v. Lansing Municipal Airport*, 288 Ill. App. 3d 239, 246 (1997); *In re Marriage of Parks*, 122 Ill. App. 3d 905, 909 (1984); *First Federal Savings & Loan Ass'n v. Brown*, 74 Ill. App. 3d 901, 905 (1979). Moreover, it is irrelevant that defendant brought his petition pursuant to section 2—1401. The character of a motion is determined by its content and not the title or label asserted by the petitioner. *Savage v. Mui Pho*, 312 Ill. App. 3d 553, 559 (2000); see also *First Federal Savings & Loan Ass'n*, 74 Ill. App. 3d at 905.

In the instant case, defendant brought his petition well beyond the two-year limitation period. He does not allege legal disability, duress, or fraudulent concealment in order to invoke the express exceptions contained in section 2—1401 (735 ILCS 5/2—1401(c) (West 1998)). Therefore, he may not proceed under section 2—1401. See 735 ILCS 5/2—1401(c) (West 1998). Nonetheless, because defendant challenges his extended-term sentence on the basis that the judgment is void, his challenge is proper and not restricted by the two-year limitation period in section 2—1401.

JUSTICES THOMAS and GARMAN join in this special concurrence.

JUSTICE GARMAN, also specially concurring:

I agree with the affirmance of the appellate court's judgment in this case. I write separately because I believe that defendant's petition was not properly brought under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1998)).

Section 2—1401 provides relief by petition from final orders and judgments after 30 days have elapsed from the entry thereof. 735 ILCS 5/2—1401(a) (West 1998).

The petition must be filed not later than two years after entry of the order or judgment. 735 ILCS 5/2—1401(c) (West 1998). Section 2—1401(f) of the Code makes clear that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—1401(f) (West 1998). A void judgment is one that was entered without jurisdiction of the parties or the subject matter and such a judgment may be attacked at any time, either directly or collaterally. *People v. Wade*, 116 Ill. 2d 1, 5 (1987). Neither the two-year time limitation nor the due diligence requirement of section 2—1401 apply to a petition challenging a judgment as void. *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309 (1986).

In *Sawant*, the circuit court entered a default judgment against defendant Allied. Allied filed a special and limited appearance and a motion to quash service of summons, alleging lack of personal jurisdiction. *Sawant*, 111 Ill. 2d at 306. The circuit court struck the special and limited appearance and denied the motion to quash, holding that Allied used improper procedure, had not diligently presented its defense, and that Allied was subject to Illinois jurisdiction. *Sawant*, 111 Ill. 2d at 308-09. The appellate court disagreed with each of these findings and reversed. *Sawant*, 111 Ill. 2d at 309. On further appeal, plaintiffs argued that Allied's filing of its special and limited appearance constituted a collateral attack on the judgment under section 2—1401 of the Code and that Allied had not established the requisite due diligence. This court rejected that argument, noting that a void judgment may be attacked at any time and that due diligence need not be shown. Section 2—1401 of the Code did not preempt other means of attacking a void judgment or order. We noted that, although Allied's choice of a special and limited appearance as a method to chal-

lenge the jurisdiction of the circuit court may be unusual, it was nonetheless proper. *Sawant*, 111 Ill. 2d at 309-10.

The majority in the instant case cites *Sawant* as authority for the proposition that a party may seek relief under section 2—1401 beyond the two-year time limitation where the judgment is alleged to be void. 196 Ill. 2d at 447. However, *Sawant* does not support this assertion. In addressing the plaintiffs' argument there that section 2—1401 did not provide relief to Allied in challenging the circuit court's jurisdiction, this court observed that:

> "A defendant who is contesting personal jurisdiction is not 'strictured by either the time limitations [citation] or the requirement of due diligence to which petitions relying on' section 2—1401 must conform." *Sawant*, 111 Ill. 2d at 309-10, quoting *Home State Savings Ass'n v. Powell*, 73 Ill. App. 3d 915, 917 (1979).

The method used by Allied in that case to attack the judgment as void was a special and limited appearance. The quoted statement merely noted that this method was not subject to the restrictions of section 2—1401.

A motion filed more than two years after entry of the judgment challenged does not meet the time limitation for motions under section 2—1401. The statute contains no exception to that time limitation for a motion attacking a judgment as void. Instead, it expressly permits a party to attack a judgment as void outside the scope of the statute. 735 ILCS 5/2—1401(f) (West 1998). Prior appellate decisions establish that a party may challenge a void judgment at any time by motion directed to the court. See, *e.g.*, *In re Marriage of Parks*, 122 Ill. App. 3d 905, 909 (1984); *Augsburg v. Frank's Car Wash, Inc.*, 103 Ill. App. 3d 329, 332-33 (1982) (construing section 72 of the former Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), the predecessor to section 2—1401); *Home State Savings Ass'n v. Powell*, 73 Ill. App. 3d 915, 917 (1979) (noting that section 72(6) of the former Civil Practice Act (now section 2—1401(f) of the Code)

460

explicitly provides that relief from a void judgment is not limited by section 72).

Thus, where a party files a motion challenging a judgment as void more than two years after the judgment was entered, the motion is not properly brought under section 2—1401. The party may simply challenge the judgment by motion directed to the circuit court.

Here, although defendant mislabeled his petition as one under section 2—1401 of the Code, courts should be liberal in recognizing such a petition as a collateral attack on a void judgment. See *People v. Reymar Clinic Pharmacy, Inc.*, 246 Ill. App. 3d 835, 841 (1993). Accordingly, defendant's petition may be considered outside the scope of section 2—1401 as a collateral attack upon a void judgment.

JUSTICES FITZGERALD and THOMAS join in this special concurrence.